Sewall
v.
Russell.

### SEWALL and others *vs.* R. & J. RUSSELL.

*Where information of the dishonor of a bill of exchange is sent to an agent who is not a party to the bill either actually, or nominally for the purpose of collection, with a request to give notice to the drawers, and he omits to give such notice until the next day after receiving such information, the drawers are discharged; being a mere agent, he should have given immediate notice.*

THIS was an action of assumpsit, tried at the New-York circuit in April, 1827, before the Hon. WILLIAM A. DUER, one of the circuit judges.

On the 19th May, 1825, the defendants sold to the plaintiffs a bill of exchange for £1000, drawn by them upon Messrs. Wainright and Shiels of Liverpool, (England,) payable 60 days after sight. The bill was accepted on the 20th June, and protested for non-payment on the 22d August. Information of the failure of the acceptors arrived in New-York on the 27th September. The plaintiffs, (who reside in Boston,) on the 30th September wrote their agent, residing in New-York, where also the defendants reside, that they had received advise that the bill had not been paid, and would be returned from the bankers on the next day; that the original bill, with the protest, would no doubt be received in a few days, and desiring the agent to procure security. The letter was received by the agent on the 3d of October, and on the next day he gave notice to one of the defendants, (who were partners,) and demanded security. On the 4th of October the plaintiffs enclosed the bill and protest to their agent, who immediately, on receiving the same, shewed the protest to one of the defendants. The agent had purchased the bill for the plaintiffs. His name did not appear upon it, but the defendants knew that he acted in behalf of gentlemen in Boston. The mail leaves Boston every day for New-York at one o'clock P. M., and arrives early in the morning of the second day thereafter. The jury found a verdict for the defendants, which was now moved to be set aside.

*R. Sedgwick*, for plaintiffs.

*W. Slosson*, for defendants.

*By the Court*, SAVAGE, Ch. J. The only question is, whether the defendants had due notice of the dishonor of the bill. Where parties to a bill reside in different places, notice of the dishonor must be given by the next mail after information is received. This however means reasonable diligence; and the above rule is not literally applicable where there is not sufficient time between the arrival and departure of the mails to prepare the notice, consistent with necessary attention to other concerns; but no more than one day should intervene where there is a daily mail between the two places. (Chitty on Bills, 291, and cases cited. 5 Cowen, 303, and cases cited.) This rule is applicable to the parties here.

In the case last referred to, where the bill passed through two banks for the purpose of collection, and where there was a delay of one day at one of the banks, we held that the banks were, for the purpose of giving notice, to be considered *holders*, though they had no other interest but as agents for collection. In this case, the plaintiffs at Boston received information of the dishonor of the bill on the 30th September. It was their duty to have given notice by the mail which left Boston for New-York on the *1st of October.* They did in fact send notice by that mail, which, if directed to the defendants, would have been sufficient; but it was addressed to their agent at New-York, and was received by him on the 3d October. Had he communicated the notice on the same day, the defendants would have had no ground of complaint. He did not do so on that day, but on the next day (the 4th of October) he gave notice. Had this agent been a party to the bill, or had he been so only nominally by having his name on the bill for the purpose of collection, he would have been justified in withholding the information one day, according to the authority first cited. But as he was the mere agent of the plaintiffs, he should have given immediate notice. This point has been so decided in *The United States* v. *Barker*, (12 Wheaton, 559, 60, 61,) in which case a notice, received by an agent on the morning of the 11th May, was given to the defendant on the 12th; the circuit court held that the agent was guilty of negligence, and the defendant, who was an endorser, was discharged. This de-

UTICA,
August, 1829.

cision was confirmed by the supreme court of the United States, and is in point. It is reasonable also that if a party chooses to give notice through an agent, he shall cause such notice to be given as early as the defendant would have received the same notice had it been sent by mail.

I am therefore of opinion that, according to the rules applicable in such cases, the notice to the defendants was given too late, and the motion for a new trial should be denied.