ALBANY,
October, 1829.

Bank of Utica
v.
Phillips.

---

## BANK OF UTICA *vs.* PHILLIPS.

Notice to an *endorser* of the non-payment of a note sent to the *place* where he resided at the time of the discount of the note is sufficient to charge him, although intermediate that time and the maturity of the note he has changed his place of abode. Inquiry as to the residence of an endorser is not necessary, where the holder has reason to believe that he knows his place of abode. Interest taken in advance by a banking institution on discounting a note is not usury,

THIS was an action of assumpsit, tried at the Oneida circuit in April, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The defendant was the second endorser of a promissory note for $300, bearing date the 28th November, 1826, payable 90 days after date, at the Bank of Utica, where the note was discounted on the 2d December, 1826; the *interest* being taken in *advance*. When due, the note was protested for non-payment, and notice sent per mail, directed to the defendant at the village of *Geddes*, in the county of Onondaga, where the note purported to have been given, and where the defendant resided when it was discounted. In the month of December, 1826, after the note was discounted, the defendant had removed to the village of *Fulton*, in the county of Oswego, where he has since continued to reside. At the time the note was discounted, it was known to the officers of the bank that the defendant resided at *Geddes*, and a memorandum of his then place of residence was made on

the note, in conformity to the uniform practice of the bank in such cases. When the note fell due, no inquiry was made as to the defendant's residence, the officers of the bank having no knowledge of his removal.

On this state of facts, the counsel for the defendant insisted that the defendant was entitled to a verdict, because the taking of *interest in advance* was usurious and rendered the note void; and if the note was not void, that the notice of protest was insufficient to charge him as endorser, not being directed to his place of residence; and requested the judge so to charge the jury. The judge ruled that the note was not usurious, and that the notice was sufficient. The defendant excepted. The jury found for the plaintiffs, and the defendant now moved for a new trial.

*J. A. Spencer*, for the defendant, said that in the case of *The Manhattan Company* v. *Osgood*, (15 Johns. R. 162,) the taking of interest in advance by a banking institution, on the discounting of a note, was held *not* to be usurious; but as he understood the decision made by the *court of errors* in the case of *The Bank of Utica* v. *Wagar*, (8 Cowen, 398,) the law had been otherwise settled by that court; and if so, the plaintiffs were not entitled to recover in this cause.

*By the Court.* We do not understand such to have been the decision of that court. There is nothing in the report of the case shewing the opinion of the court upon this point. We held, when the case was before us, in conformity to the decision in the case of *The Manhattan Company* v. *Osgood*, that the taking interest in advance, by a banking institution, on discounting a note, is not usury, and the judgment given by this court is affirmed. What may have been said by one or two members of the court of errors in delivering their opinions is not necessarily the judgment of that court. When a point solemnly and deliberately adjudged by this court is said to be overruled, it must be clearly and unequivocally shewn, or we will consider it our duty to adhere to what we conceive to be the settled law of the land. In this view of the question, we cannot hear an argument upon this point.

*Margin:* ALBANY, October, 1829.

Bank of Utica v. Phillips.

ALBANY,
October, 1829.

Bank of Utica
v.
Philips.

*Spencer.* I have done my duty in presenting the question. On the other point, however, we hope to succeed in obtaining a new trial. Notice of non-payment to charge an endorser must be personal, or sent to the place of his residence. The holders were bound to make inquiry when the note fell due, not when it was discounted. (13 Johns. R. 432. 1 id. 294.) No inquiry was made. Had it been made, most probably the necessary information would have been obtained.

*G. C. Bronson,* (attorney general,) for the plaintiffs. All that ordinary diligence and prudence could require to bring notice home to the endorser was done in this case. The note being dated at Geddes, in the absence of other proof, the presumption is, that Geddes was the residence of the endorser. It was in fact his residence when the note was discounted, and so known to the officers of the bank. There is no pretence that they knew of his change of residence. Why then should they institute an inquiry as to the place of his abode? It is owing to the act of the defendant himself that the notice was not directed to his place of residence, and the holders ought not therefore to be injured. He commented upon the cases cited on the other side, and urged that in each of them much stress was laid upon the *place* named in the body of the instrument as a guide for the direction of the notice. He also particularly invited the attention of the court to the case of *Stewart* v. *Eden,* (2 Caines, 121.)

*By the Court,* MARCY, J. Was the notice, under the circumstances of this case, sufficient to charge the defendant? It appears to me that the question of diligence cannot arise except in cases where the party knows or ought to know that there is occasion for its exercise. Ought the holders of this note when it fell due to have known that intermediate its discount and maturity the endorser had changed his residence? They had no reason to expect such an event, and of course no considerations of diligence could have prompted them to institute any inquiry in relation to it. Where the place of an endorser's residence is established at the time when a note having the usual time of bankable paper to run

is discounted, and is at such a distance from the place of payment as to repel the presumption that a removal (in case it happens before the note falls due) would come to the knowledge of the holders, and no actual knowledge is brought home to them, a notice of demand and non-payment directed to such place of residence is sufficient, although the endorsee has in fact, in the mean time, become a resident of another place.

Such I take this case to be, and am therefore of opinion that the notice given to the defendant was sufficient to charge him as endorser.

Judgment for plaintiffs.