## CARROLL *vs.* UPTON.

In an action against the drawer of a bill of exchange, the notary who had protested the bill testified that he made "*diligent inquiry*" for the drawer's place of residence, and that his reputed residence was at the place to which the notice was sent; but the witness did not state what in particular the inquiries were. There was no objection to the evidence. *Held,* that the court below committed no error on the trial in submitting the evidence to the jury upon the question whether the drawer had been duly charged.

In order to charge the drawer of a bill of exchange it is not sufficient to send notice of protest to the place where the bill is dated, if in fact the drawer resides at another place, and due inquiry for his residence be not made.

The question of due diligence in charging a party to a bill of exchange is a mixed one of fact and law, and where the facts are ascertained, the question is one of law merely.

APPEAL from the superior court of the city of New-York, where Carroll brought assumpsit against Upton to recover the amount of a draft drawn by the latter in favor of the plaintiff. On the trial before SANDFORD, J. the plaintiff gave in evidence the draft in question, as follows:

"Washington City, March 10, 1845.

$295,32.   At three days' sight please to pay to the order of Wm. Thomas Carroll the sum of two hundred and ninety-five dollars and thirty-two cents, and charge the same as advised to Clayton Tiffin, and oblige    Your ob't serv't,

FRANCIS H. UPTON.

To J. W. Arthur & Co. New Orleans."

For the purpose of showing that the defendant had been duly charged as drawer, the plaintiff read the deposition of Mr. Stringer, a notary public in New Orleans, who testified in substance, among other things, that he protested the bill, that at the time of the protest the defendant resided in Washington in the district of Columbia, to the best of his knowledge and belief, that Washington was his reputed place of residence, and the witness believed he was there at the time ; that he sent a notice of protest to the defendant at Washington by mail from New Orleans

Carroll *v.* Upton.

in due season; and that at the time of protest he made *diligent inquiry* as to where the drawer then resided, as to where he was at the time, and where a letter would reach him. He further testified, that it was the custom, practice, and law in Louisiana, to send notice of protest to the drawer of a draft at the place where it is dated when the drawer is absent from his usual place of residence; also, that in his capacity of notary public two deeds were passed before him, one in December, 1844, the other in May, 1845, in which the defendant was described as a counsellor at law of the city of New Orleans.

It was proved by a witness called on the part of the defendant, that at the time the draft was drawn and protested the defendant was a resident of New Orleans, and a practicing counsellor at law in that city; that in the winter of 1845 he went to Washington solely for the purpose of attending to a suit pending in the supreme court of the United States; and that the draft in question was drawn in good faith and in the belief that it would be paid by the persons on whom it was drawn. The same witness testified that if Mr. Stringer, the notary, had taken proper pains to inquire, he might easily have learned that the defendant's residence was in New Orleans.

The evidence being closed, the defendant's counsel requested the court to charge the jury, that there was no sufficient legal evidence to prove that said notary had used due diligence in inquiring for the residence of the defendant at the time the draft was protested. The court. refused so to charge, and did charge, that if the jury were satisfied that the notary made diligent inquiry for the residence of the defendant at the time the draft was protested, and his best knowledge and belief were that he resided at Washington, and was there at the time, and that such was his reputed place of residence as ascertained by the notary, the notice sent to Washington was sufficient to charge him, although in fact his residence was at that time in New Orleans. To the refusal to charge as requested, and to the charge as given, the defendant's counsel excepted. The plaintiff had a verdict which the superior court refused to set aside, and after judgment the defendant appealed to this court.

*N. Hill, Jr.* for appellant.

*J. A. Collier*, for respondent.

BRONSON, Ch. J.   The fact that the bill purported to have been drawn at Washington City, where the notice was sent, furnished very little, if any, evidence that the drawer resided at that place ; and did not dispense with the necessity of inquiring for his residence. (*Lowery* v. *Scott*, 24 *Wend.* 358 ; *Spencer* v. *Bank of Salina*, 3 *Hill,* 520.   *And see Taylor* v. *Snyder*, 3 *Denio*, 145.)   In relation to inquiry, the defendant insists that the notary has sworn to nothing but a conclusion of law.   But that is saying too much.   When all the facts are ascertained, what is due diligence in making inquiries for the residence of the drawer is a question of law.   But due diligence in the aggregate, includes both fact and law.   When a witness swears to due diligence in making inquiries, he speaks of two things ; first, that there was some diligence, which is a matter of fact ; and second, that there was due or sufficient diligence, which is matter of law.   In swearing to some diligence, the witness speaks of a fact within his knowledge ; but in affirming that there was due or sufficient diligence, he is only giving his opinion upon a question of law, which he has no right to decide.   Still if a notary should swear to due diligence in making inquiries, and the defendant should neither object to his testifying in that manner, nor cross-examine for the purpose of analyzing the testimony, and separating the fact from the law, I am not prepared to say that the evidence would amount to nothing.   But it is not necessary to decide that point.   The witness did not swear to due or sufficient diligence ; but that he had made " diligent inquiry" for the residence of the drawer.   That was speaking to a matter of fact.   The witness evidently intended to be understood as saying, that he had not only made inquiry, but that it was a careful, thorough, or business-like inquiry.

It is true that the witness should have told what in particular he did, so that the court, or court and jury as the case

Carroll *v.* Upton.

might be, could determine whether enough was done. But if the defendant allows a witness, without objection, to swear that there was a diligent inquiry, and then puts no question on the cross-examination for the purpose of drawing out particulars, I think the case may properly go to the jury to say what the evidence is worth.

The witness was examined on a commission; but the interrogatories are not in the case. It may be that they put the very question which the witness has answered; and that the defendant neither objected to that question, nor proposed any cross-interrogatory for the purpose of ascertaining what the witness meant by diligent inquiry. The defendant may have been content to take the statement of the notary on the question whether the inquiry was a diligent one or not.

And besides; we have got only a part of the deposition of the notary. The case states, that he " testified *among other things*, as follows." We can not say that other parts of his testimony would not help out defects in the part which is given.

In addition to the fact of diligent inquiry for the residence of the drawer; where he was at the time, and where a letter would reach him, the witness says, that " at the time of the protest, the defendant resided at Washington in the district of Columbia, to the best of my knowledge and belief; that was his reputed place of residence, and I believe he was there at the time." Now although " belief" would be nothing without inquiry, it is but reasonable to conclude, that what the witness believed after making diligent inquiry was founded on the information which he got in making the inquiry. And besides, the witness swears to the fact—not belief—that Washington was the drawer's reputed place of residence

It is true that the witness should have told what information he received, and left it to others to say whether he was right in acting upon it. But here again it is proper to notice, that no objection was taken to the manner in which the witness testified; nor does it appear that he was cross-examined, or what were the interrogatories annexed to the commission. And what is also important, we have only a part of the deposition;

and there is no statement in the case that we have all that bore upon this question. Under such circumstances, I do not see how we can say, that there was not sufficient evidence to carry the cause to the jury.

I am of opinion that the judgment of the superior court should be affirmed.

Judgment affirmed.