I am unable to discover any legal ground for holding that the bank could not transfer the note to the plaintiff. It was due and unpaid; it was the property of the bank; if a third person desired the note transferred to him, either for the purpose of collecting the money on it or for any other legal object, the bank, on receiving the *Page 234 
money or other payment therefor, might transfer the same to such person. I am not aware of any statute or adjudged case prohibiting such transfer by the bank. (Sec 6 Howard U.S.R.,
301.)
The next point made by the defendants' counsel is, that the note was usurious and therefore void. The case shows that the note in suit was given on the settlement and consolidation of several other notes, held by the bank against the defendants, then due and under protest. These several notes had been discounted at the Delaware Bank for the benefit of Stewart 
Frazier, who were doing business in the city of New-York. Most of the notes, not all, were made payable at the American Exchange Bank in the city of New-York. The Delaware Bank gave drafts on its correspondent in the city for a portion of the avails of the notes at the time of making the discounts, and charged one-half of one per cent on such drafts, for the difference of exchange in favor of the city. The defendants allege in their answer that it was made a condition by the Delaware Bank to the discounting of the notes for Stewart, that they were to be made payable at a city bank, and that Stewart should receive the avails, in drafts of the Delaware Bank on some bank in the city, at one-half of one per cent premium thereon. The testimony of H.D. Gould, with whom it is alleged such arrangement was made, and who, at the time, was the financial officer of the Delaware Bank and discounted the several notes, made the settlement, and took the note on which the action is brought, disproves any such arrangement. He was examined as a witness, and expressly testified that no condition was imposed on the part of the bank; on the contrary, he says that the drafts on New-York were made at the request of Stewart, and for his accommodation; that the premium charged was less, by one-fourth of one per cent, than the usual rate of premium charged by the Delaware Bank during the year 1848. The testimony of Gould is uncontradicted in any material part by the evidence *Page 235 
given by Stewart, one of the defendants. It was attempted to be shown by him that the allegation in the answer, relating to the condition on which the Delaware Bank made the several discounts for him, were true. His testimony, however, falls short of making out the truth of the allegation; and when all taken together, it does not materially vary the facts from the relation of them as given by Mr. Gould. The weight of testimony, if it could have any bearing upon the case here, is very strongly in favor of showing that the drafts given by the Delaware Bank on the city, were thus given at the request and for the accommodation of Stewart. The drafts would command city funds at par. The difference of exchange in favor of the city, over the Delaware Bank funds, was at least one-half of one per cent, so that nothing was lost by Stewart in taking drafts instead of Delaware Bank bills.
Another ground relied upon and urged by the defendants' counsel to establish the defence of usury is, that interest at seven per cent was computed and charged by the bank on the amount of each of the notes, instead of charging interest on the sum actually loaned. The case shows that the interest was computed on each note from its date, or from the time it was presented, to the time it fell due, including three days' grace, and deducted from the amount of the note, or paid in money by the person obtaining the discount.
It has long been decided in this state that it was not usurious or unlawful to take the interest out in advance, without regard to the rules of rebate or discount. This rule has been long established, and the banks have acted upon it as the settled law. I have seen no good reason for establishing a new theory or rule upon this subject. The following authorities show how the question has been decided in this state. (Manhattan Bank v.Osgood, 15 John., 168; Bank of Utica v. Wager, 2 Cowen,
712; New-York *Page 236 Fire Insurance Co. v. Ely, 2 Cowen, 678; the same v.Sturges, 2 Cowen, 664; Utica Insurance Co. v. Bloodgood,
4 Wendell, 652; 3 Wendell, 408.) A mistake in the computation of interest will not make the loan usurious. The mistake, in this case, is shown by the testimony of Mr. Gould to have arisen from inadvertence, and not from design. In order to establish usury, a corrupt agreement must be shown to exist. No such agreement was made out by the testimony in this case.
My conclusion is that the judgment should be affirmed.
All the judges, except Dean, J., who thought that the case should have been submitted to the jury, concurred.
Judgment affirmed.