## WARD and others *vs.* PERRIN.

At the time a promissory note was made, the maker and indorser both resided in Rochester, at which place the note was dated, and it was discounted at the plaintiffs' bank, which was also located there, and where the plaintiffs resided. *Held* that the plaintiffs had the right, when the note matured, to assume that the indorser still resided in Rochester, and to act accordingly in taking the requisite steps to charge him as such, unless they knew that in the meantime he had changed his residence.

*Held*, also, that the information on that point, possessed by the notary who protested the note, must be deemed information possessed also by the holder of the paper, at the time of its maturity.

And the notary having demanded payment of the note, properly, and given the proper notice to charge the indorser, by addressing it to him at Rochester, and depositing it in the post-office there, so addressed, with the postage prepaid; *Held*, that the indorser was clearly charged and duly fixed as such, unless the plaintiffs, or the notary, knew that he did not then reside in Rochester, but had, during the time the note was running to maturity, removed to another place.

And that question having been fairly submitted to the jury, who found for the plaintiffs expressly on that issue, it was *held* that this was entirely conclusive.

MOTION by the defendant for a new trial. The action is on a promissory note against the defendant as indorser. The defense was that the indorser was never properly charged. The note is dated December 26, 1865, at four months. At the time when the note was made, and until the 23d or 24th of February, 1866, the defendant resided and did business in Rochester. About that time he removed his place of residence to Bergen, Genesee county, where he received his mail matter. The defendant was a man having no family. Payment of the note was demanded and refused. Notice of the demand and non-payment was served by mail, addressed to the defendant at Rochester. On the trial at the circuit, the defendant gave evidence tending to show that the notary had actual notice of his change of residence. This was denied by the notary. The defendant also gave evidence which his counsel claimed tended to show, inferentially, that the notary had notice of such change of residence.

This was submitted to the jury under proper instructions. The plaintiffs claimed that the notice was actually duly received by the defendant. At the close of the proofs, the defendant claimed that the evidence was insufficient to authorize a recovery, and moved a dismissal of the complaint, which the court denied, and exception was taken. He also contended that there was no question of fact for the jury, and moved that the court direct a verdict in his favor, but the court decided otherwise and refused to direct a verdict as requested, and exceptions were duly taken. Exceptions were also taken by the defendant to the admission of certain testimony.

The court directed the jury, in addition to rendering a general verdict, to find, upon questions of fact:

*First.* Did the defendant, in fact, receive the notice of protest which the notary testifies was deposited in the Rochester office?

*Second.* Was actual notice of the defendant's change of residence given to the plaintiffs before the note was protested, as testified to by the notary?

*Third.* Do the jury find that such notice was given to the plaintiffs by inference?

That if they were satisfied by the evidence that the notice which was deposited in Rochester was forwarded to Bergen by due course of mail, and there received by the defendant, that would be sufficient notice of protest.

And thereupon the judge, under objection on the part of the defendant, submitted to the jury, in writing, the above three several questions of fact.

The defendant's counsel excepted to that portion of the charge which stated that if the holders of the note had no notice of the change of residence of the indorser at or before the time the note matured, and if they had no reason to suspect the change, they were not required to make any inquiries, and that the depositing of the protest in the Rochester post-office was sufficient; also to that portion

Ward *v.* Perrin.

of the charge which stated that although the defendant should establish the fact of a change of residence before or after the time of the maturity of the note, unless that fact was communicated or a knowledge of that fact was communicated to the holders of the note or to the notary at the time of the protest, they would not be required to make any inquiries as to his place of residence. The defendant also excepted to the submitting each of the three questions of fact to the jury. Also, to the charge that the testimony would warrant the jury in finding that the notice was forwarded and received by the defendant at Bergen. Also, that if the holders had no notice, actual or implied, of change of residence, they were not bound to make inquiry. Also, to the charge that the facts and circumstances tending to show change of residence, were insufficient to charge the plaintiffs with notice, unless brought home to their knowledge.

The jury thereupon found a verdict for the plaintiffs for $581.25, and also answered the questions put to them by the judge, in writing, as follows :

1st. Did the defendant, in fact, receive the notice of protest which the notary testified was deposited in the Rochester post-office ?

The jury answered in the affirmative.

2d. Was actual notice of the defendant's change of residence given to the plaintiffs before the note was protested, as testified to by the notary ?

The jury answered in the negative.

3d. Do the jury, as an inference from the facts and circumstances proved, find that such notice was given to the plaintiffs ?

The jury answered in the negative.

Whereupon the court, on motion, allowed the defendant forty days' time within which to make and serve a case containing exceptions, on which to move for a new trial, to be heard at the general term in the first instance, and

permitted judgment to be entered upon the verdict in the meantime.

*W. F. Cogswell*, for the plaintiff. I. The exceptions taken by the defendant, at folios 72–74, and 76 and 80, were none of them well taken. The defendant gave evidence that in April, 1866, the notary knew that the defendant's residence had been changed. The evidence received at the folios indicated was to show that this was not true, and to show when the notary in fact first received information of such change.

II. The charge of the judge was a very full and correct exposition of the law. The law of 1835 (*ch.* 141, § 1) gives the right to serve notice by mail, directed to the city or town where the indorser resided at the time of indorsing the bill. The law of 1857 (*ch.* 416, § 3) extends this right of service by mail to the case of parties residing in the same city or town where the note or bill falls due. These statutes will be found in the General Statutes by Edmonds, vol. 4, pages 455 and 458, respectively. In *The Bank of Utica* v. *Phillips*, (3 *Wend.* 408,) it was held, that "Notice to an indorser of the non-payment of a note, sent to the place where he resided at the time of the discount of the note, is sufficient to charge him, although intermediate that time and the maturity of the note he has changed his place of abode. Inquiry as to the residence of an indorser is not necessary where the holder has reason to believe that he knows his place of abode." See also, to the same effect, *Bank of Utica* v. *Davidson*, (5 *Wend.* 587.) The language of the charge is not accurately stated in the exception, and the mistake should not be made of letting the counsel frame the charge, instead of the court.

*Newton & Ripson*, for the defendant. I. The defendant was not properly charged as indorser. We have two statutes in this State regarding the mode of charging an

Ward *v.* Perrin.

indorser. The first is chapter 141, section 1, Laws of 1835, and chapter 416, section 3, Laws of 1857. The former statute declares that "in all cases where the notice might be given *by sending the same by mail*, it is sufficient to direct the notice at the place where the party resided at the time of indorsing," unless he had specified where notice should be sent. Under this statute, notice by mail could only be given when the holder and the party to be charged at the time notice must be given, *resided in different places*, and due diligence was then required to be made and shown; and where their place of residence was the same, personal service, or a service by leaving at the dwelling or place of business, was required. The law was the same before that statute, and in all cases before and since that statute, when a personal service was not made, diligent inquiry as to the actual residence of the party was exacted. (*Sheldon* v. *Benham*, 4 *Hill*, 129. *Van Vechten* v. *Pruyn*, 13 *N. Y. Rep.* 550. *Lawrence* v. *Miller*, 16 *id.* 235. *Farmers' Bank* v. *Vail*, 21 *id.* 486. *West River Bank* v. *Taylor*, 34 *id.* 129.) The statute of 1857 is simply this in substance: that if, from the best information obtained by diligent inquiry, (in the absence of the indication mentioned,) the party sought to be charged, at the time the notice must be given, resided in the same city or town where the note was payable or was legally presented, &c., in such case the notice may be deposited in the post-office at such city or town, directed to the party at that place. The law of 1857 exacted diligent inquiry on the part of the holder to ascertain the reputed residence of the indorser, and if it was found to be in the same place where the note was payable, &c., no matter where the holder resided, it was sufficient to mail notice directed at such place. (*Randall* v. *Smith*, 34 *Barb.* 452.) From the cases above referred to and these statutes, we deduce, 1st. That prior to the statute of 1835, notice by mail could only be given when the holder and indorser did not live in the

.same city, village or town. 2d. That that statute modified the former law so that in all those cases where, as the law then was, such notice could be given by mail, it could be given by mailing it to the person, directed to the city or town where he resided at the time of indorsing, unless he should specify the post-office to which the notice should be addressed. In other words, it provided for this class of cases—where the holder and the indorser resided in different places at the maturity of the paper, that the notice could be mailed (unless he had specified the post-office) to the indorser at the place where he in fact resided at the time of his indorsing the same, although he, the indorser, might then be residing at another place. But when they both resided in the same city or town, at its maturity, notice by mail could not be given. 3d. That the statute of 1857 again modified the then existing statutory and common law, so that the notice could be mailed to the indorser at the place where the paper was payable, (although living in fact in the same or in another city or town with the holder or not,) if, after diligent inquiry, it appeared that the place where the note was payable was the indorser's reputed residence.

II. If these views are correct, the depositing of the notice in the Rochester post-office, without any inquiry as to the defendant's residence, was of no effect. It was not a proper notice before 1835; was not authorized by the statute of 1835, nor by the laws of 1857, unless, upon diligent inquiry being made before mailing the notice, the reputed residence of the indorser was there; for peradventure, after indorsing the note, the indorser had changed his residence. The note being dated at Rochester, was no evidence that the indorser still continued to reside there. (*Lawrence* v. *Miller, supra,* 240, *opinion.*) The legal presumption, from the facts stated in the case, is that the holders knew, or ought to have known, that the defendant had changed his residence; at least, that they knew

enough to put them on inquiry.   The notary was a bank officer; knew Perrin as a member of a firm; knew of its dissolution; of his change of business, and missed seeing him as often as before about the city.   (*Lawrence* v. *Miller*, 238, *opinion.*)

III. This deposit in the Rochester post-office cannot be made to enure to the holder's benefit, even if the notice was forwarded to Bergen in time, if the mailing at Rochester was of no effect.   1. Because, when Perrin instructed Price to forward his letters to Bergen, he cannot be said to have waived or to have intended to waive so strictly a personal right as waiver of due notice to charge him as an indorser.   2. The deposit in the Rochester post-office being of no effect, what was done afterwards by the post in carrying the notice to any point other than where it was directed, would not affect Perrin in his rights, so as to deprive him of strict notice.   3. It would then be the notice of a stranger to him, and a stranger cannot give the notice. (*Lawrence* v. *Miller*, 277, *and cases cited.   Carrol* v. *Upton*, 3 *Comst.* 272.   *Also as to necessity of inquiry.*)   4. The statute requires that the postage be prepaid, and if forwarded it would be subject to a payment of three cents, to be paid at the end of the route.   To be paid by whom?   Perrin would not be compelled to take it out at Bergen and pay the postage.

IV. The only evidence in the case relating to the probable transmission of the notice from Rochester to Bergen, and the probable receipt of the same by the defendant, is found in the testimony of Price and the defendant.   There was no conflict in the testimony; there was no legal presumption that the notary's notice ever came to the defendant's hands through the mail.   If the deposit in the Rochester office was sufficient, then the defendant took the risk of ever hearing by that source about the note's dishonor; and if not sufficient, there was no presumption that it came to Perrin's hands.   It is said to be too loose and

unsatisfactory, in 9 *Barb.* 169; and such facts were insufficient, in *Flack* v. *Green*, (3 *Gill & John.* 474.) The legal effect of the defendant's testimony was certainly against the fact of its receipt by him. And he stood unimpeached. He testified that the first information he had was in June or July, 1866. The defendant was entitled to strict notice, and the legal effect of the defendant's testimony met and overcame whatever presumption of fact might be based on the testimony of Price. The jury could do nothing but infer that the defendant had received the notice, for there was no evidence of the fact that he did. The remarks at pages 382, 3, of the opinion in *Smedes* v. *Utica Bank*, (20 *John.* 372,) apply with great force in support of this criticism.

V. There was no conflict in the evidence, in the case, as to the receipt of the notice, and no dispute about the facts testified to. Therefore, the conclusion from them to be drawn was one of law and not· of fact, and should have been passed upon by the court. (*Pratt* v. *Foote*, 9 *N. Y. Rep.* 463. 3 *Hill*, 520. 23 *Wend.* 620.) The defendant was entitled to strict notice as a condition precedent. He may have received notice, but if he did not receive it in the way and from the party authorized by law, then the notice is not binding. So that if the deposit in the Rochester post-office was not the way such notice could be given, then, although it may have been communicated to him, it was not a binding notice. "The liability of the indorser does not depend upon his actual receipt of the notice, *but on the use of diligence by the holder.*" The indorser takes the risk. (*Dickens* v. *Beal*, 10 *Peters*, 572.)

VI. The authorities upon the matter of diligence and strict notice are abundant, showing that no recovery can be had when either is wanting. (24 *Wend.* 358. 3 *Hill*, 520. 3 *Comst.* 272. *Id.* 442.) And the testimony of the various witnesses exhibits how easily the holders could have ascertained the defendant's residence.

VII. The exceptions at folios 73, 74, 76 and 80 are of

the same character. The testimony admitted was incompetent. The occasion was over a month after the note in suit matured, and they were statements made in the absence of Perrin.

VIII. For all these reasons, the motion and request to dismiss the complaint, or to direct a verdict for the defendant, should have been granted.

IX. The exception at folio 124 was well taken. The charge in that respect was erroneous, and could not but mislead the jury. It was, in effect, that the holder need not know nor make inquiry as to the reputed residence of the indorser, and that the notice might be mailed, where both holder and indorser resided in the same place. And the succeeding exceptions at folios 125½, 127 and 128 are good for the same reasons and under the cases above cited.

X. The exception at folio 126 embraces the proposition in the charge at folios 94 to 99. We can but repeat, to sustain this exception, the views in the preceding points. 1. That there is no presumption of fact or law that a letter mailed to a party is received by him. The known uncertainty of the mail forbids it. 2. This would mislead the jury, for Perrin testified that he received notice in June or July. 3. The charge covered too broad a ground in its very spirit; it assumed that an indorser could be charged "if he received actual notice," no matter in what way or by whom. 4. The charge covered a case like the following: A notary drops the notice on the street; afterwards a stranger picks it up, and seeing it directed to A., finds and hands it to him—that this would bind A.

*By the Court*, E. DARWIN SMITH, J. When the promissory note upon which this action was brought was made, the maker and indorser both resided in Rochester, and the note was dated at that place and discounted at the plaintiffs' bank, which was also kept in Rochester, where the plaintiffs also resided.

The plaintiffs had the right, when the note matured, to assume that the defendant still resided in Rochester, and to act accordingly in taking the requisite steps to charge him as indorser; unless they knew that in the meantime he had changed his residence. The information on this point possessed by the notary who protested the note, must be deemed information possessed also by the holder of the paper, at the time of its maturity.

The notary demanded the payment of the note properly, and gave the proper notice to charge the defendant as indorser, addressed to him at Rochester, and deposited it in the post-office at Rochester, so addressed, with the postage prepaid. The indorser was therefore clearly charged and duly fixed as indorser, unless the plaintiff or notary knew that the defendant did not then reside in Rochester, but had, during the time the note was running to maturity, removed to Bergen. This fact was chiefly controverted at the trial, and the question was fairly submitted to the jury, who have found for the plaintiff, expressly on this issue, which, it seems to me, is entirely conclusive. The charge of the judge upon this point was entirely correct, and the finding of the jury fully warranted by the evidence. It was also submitted to the jury, whether the notice addressed to the defendant, apprising him of the non-payment of the note by the maker, was duly sent from the Rochester post-office to him, and received by him at Bergen, his place of residence, and the jury have found against the defendant on this issue.

I do not see why the verdict is not entirely right; and I can see no error in the charge, or in any direction or decision of the circuit judge during the progress of the trial. The motion for a new trial should therefore be denied, and judgment ordered upon the verdict.

New trial denied.