SACO NATIONAL BANK vs. EPHRAIM SANBORN.

*What is sufficient notice of dishonor of note.*

The defendant was sued as indorser of a note. Seasonable notice of its non-payment was sent to his address at Baldwin, where he had formerly long resided, though at, and for several years preceding the maturity of this note, he lived at Denmark. There were three post offices in Baldwin, neither of which was designated simply by the name of the town; but notice of the dishonor of a note maturing earlier at the same bank, addressed to him at Baldwin (as this was) was received and responded to, without any intimation that it was not properly directed; and upon inquiry of those likely to know, the notary was told he still lived at Baldwin; *held*, that the plaintiff's allegation of notice was sufficiently proved, since legal notice is not, necessarily, actual notice. Reasonable diligence to communicate information of the non-payment of the note is all that is required; and that was used in this case.

ON REPORT.

ASSUMPSIT upon a note dated October 12, 1868, for $500, signed by Isaac Dyer, payable in four months from date, at either bank in Saco, to the order of Ephraim Sanborn, by whom it was indorsed before being sent to the Saco National Bank, where it was discounted in renewal of a note of the same parties then overdue there. The first note fell due October 12, 1868, and this one, given a few days after that, was dated back to that time. When the first of these notes fell due, notice of its non-payment was sent to the defendant at Baldwin, where he resided many years, and where the notary was informed (by friends and connections most likely to know) that he still lived, though in fact he had removed to the adjoining town of Denmark. To this notice reply was made, promising to arrange the matter, and requesting that no suit should be commenced. There was no intimation that the letter was not properly directed or that there had been any change of Sanborn's residence. The cashier testified that he was told by Sanborn in 1861, when they began to discount for him, that he lived in Baldwin; and that he was never notified of any change; but Sanborn and Dyer swore that they told the former president, since deceased, that the former was carrying on business in Denmark. The notary who protested the note in suit (who was not the one who protested the former note) was told by the cashier that Sanborn's address was Baldwin, and the notice of non-payment was sent by the next mail, directed to him there. There were three post offices in that town, viz: North Baldwin, East Baldwin and West Baldwin, but none designated by the name of the town simply. The defence was allowed to put in the New England Directory and the Maine Directory, which gave the defendant's residence as Denmark, and to prove that these books were in common use in Saco at the maturity of the note.

The court were to enter such judgment as the admissible testimony required.

*Edward Eastman,* for the plaintiffs.

Due diligence was used to ascertain Sanborn's residence and to

notify him of protest ; and it is immaterial whether the notice ever reached him or not. *Bank of Utica* v. *Phillips*, 3 Wend., 308 ; *Same* v. *Davidson*, 5 Wend., 587 ; *Hunt* v. *Fish*, 4 Barb., 324 ; *Rawdon* v *Redfield*, 2 Sandford, 178 ; *Harris* v. *Robinson*, 4 Howard, 336 ; *Harris* v. *Memphis Bank*, 4 Humph., 519 ; *Winans* v. *Davis*, 3 Harrison, 276 ; *Dunlap* v. *Thompson*, 5 Yerger, 67 ; *Wood* v. *Corl*, 4 Metc., 203 ; *Cabot Bank* v. *Russell*, 4 Gray, 169.

The case of *Barker* v. *Clark*, 20 Maine, 156, and the various Massachusetts cases which the defendant cites, hold that due diligence is not exercised where inquiry ceases before positive information is obtained.

*Mattocks & Fox*, for the defendant.

There is a variance between the allegation of notice, and the proof. An excuse for a failure to give notice, will not support an averment of notice. *Hill* v. *Varrell*, 3 Maine, 233 ; *Allen* v. *Edmundson*, 2 Exchq., 719. The notary did not make sufficient inquiry as to Sanborn's residence. *Spencer* v. *Bank of Salina*, 3 Hill, 520. Directing to "Baldwin," when there was no such post office, vitiates the notice. *Beckwith* v. *Smith*, 22 Maine, 125 ; *City Bank* v. *Pugh*, 19 La. An., 43 ; *Davis* v. *Bukham*, 4 Humph., 53 ; *Cuyler* v. *Willis*, 4 Wend., 398.

WALTON, J. The plaintiffs aver, and they must of course prove, that the defendant was legally notified of the dishonor of the note in suit. But legal notice is not necessarily actual notice. Proof that a letter containing the proper information was seasonably put into the post office directed to the indorser at the place where, after diligent inquiry, he was supposed to reside, will sustain the averment of notice, although as matter of fact the indorser did not reside there, and the letter never reached him.

This point was directly decided in *Shed* v. *Brett*, 1 Pick., 401. The court there say that "an averment of notice will be sufficiently proved by showing that the steps necessary to give the notice

have been taken; if subsequently received, it will relate to the time when it was sent; if never received the fact of having put it in the proper train is enough."

So, in *Hill* v. *Varrell*, 3 Maine, 233, the court say that if the defendant had resided at New Orleans, a notice directed to him at that place would have been sufficient, though the letter had never reached him.

If the indorser changes his residence, and does not give the holder notice of such change, and he does not in fact know it, and is not guilty of negligence in not knowing it, notice sent to his former place of residence is sufficient. And when nothing has occurred to suggest the idea of a change, no inquiry is necessary. Men do not go into the street to inquire for another's residence when they suppose they already know it. *Bank of Utica* v. *Phillips*, 3 Wend, 408; *Gawtry* v. *Doane*, 51 N. Y., 84.

And if upon inquiry of a person likely to know, such an answer is received as leaves no reasonable doubt upon the mind of the inquirer that the indorser's residence is ascertained, no further inquiry is necessary. The inquiries should be pursued till all sources of information are exhausted, unless a satisfactory answer is sooner received; but when a satisfactory answer is received, the inquiries may stop. *Bank of Utica* v. *Bender*, 21 Wend., 643.

And if there are two or more post offices in a town, notice directed to the town generally is sufficient, unless the sender knew, or was negligent in not knowing, the particular office at which the indorser was in the habit of receiving his letters. *Morton* v. *Westcott*, 8 Cush., 425; *Cobet Bank* v. *Russell*, 4 Gray, 167.

These familiar principles are, in our judgment, a sufficient answer to all the defendant's objections. In other words, the evidence satisfies us that, upon the dishonor of the note in suit, the plaintiffs did exercise reasonable diligence to communicate knowledge of that fact to the defendant. And we further hold that the averment of notice in the plaintiffs' declaration is sufficiently proved by the evidence that a letter, containing the proper information, was seasonably put into the post office, directed to the

defendant at the town, where the plaintiffs had reason to believe, and did in fact believe, he resided.

*Judgment for the plaintiffs.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.