GLODE REQUA, Respondent, *v.* SARAH A. COLLINS, Appellant.

The degree of diligence required to charge an indorser, under the provisions of the act of 1857, in relation to commercial paper (section 3, chap. 416, Laws of 1857), authorizing service of notice of protest by mail, where the reputed residence of the indorser is at the same place where the note is payable, is no greater than that required by the common law in a case where the place of payment differs from the place of residence.

Defendant indorsed a promissory note made payable at a bank in the city of Rochester. At the time of and for ten years prior to the indorsement she resided in that city, and six months before the note fell due she removed to the city of New York. Plaintiff's agent made various inquiries shortly before the maturity of the note, among others, of a relative of defendant, and was informed she still resided in Rochester. When the note was left at the bank for collection, the teller was informed that all the parties lived in Rochester, and he so advised the notary who protested the note. No inquiry was made in Rochester

upon the day the note matured. Notice of protest was mailed to defendant, addressed to her at Rochester. *Held*, that within the meaning of the act of 1857, Rochester was the city where, 'from the best information obtained by diligent inquiry,' defendant was reputed to reside; that the service was sufficient and defendant properly charged.

(Argued May 11, 1872; decided September term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the eighth judicial district, affirming a judgment in favor of plaintiff, entered upon the decision of the court upon trial at circuit without a jury.

This action was upon a promissory note dated June 2, 1864, payable one year after date, made by one Miller for the accommodation of one Brown, and indorsed by the latter and by the defendant, payable at the Flour City Bank, Rochester. The answer denied notice of protest; and the only question litigated at the trial was whether notice had been properly served so as to charge defendant.

The material facts were as follows: Brown delivered the note to W. R. Townsend to sell for him, and he sold it to the plaintiff, who resided at Kendall, Orleans county, about twenty-five miles from Rochester. The plaintiff held it until it was about due, and then he sent it by one Jewett to the Flour City Bank, at Rochester, for the purpose of having it protested if not paid. It was not paid and was protested, and notice of protest was mailed to the defendant, addressed to her at Rochester. She had, about six months before, moved from Rochester to the city of New York, and then resided there, having, before her removal, resided ten years in the city of Rochester. Before the note was sent to the bank, said Townsend, acting for the plaintiff, made inquiry as to the place of residence of the defendant of various persons, among whom was one Plumley, a relation of the defendant, residing in the same town with the plaintiff. These inquiries were made at different times within six months before the note fell due, and he was informed that she resided at Rochester. Jewett, who took the note to the bank for the plaintiff for the purpose of having it protested, had been

informed by various persons that defendant lived in Rochester. He was so informed by said Townsend in the winter or spring before the note fell due. He was also so informed by said Plumley in the fall of 1864. When Jewett left the note at the bank he told the teller that all the parties resided in Rochester, and the teller so informed the cashier, who was the notary who protested the note. No inquiry was made at Rochester on the day the note fell due as to the residence of defendant.

The court held that due diligence had been used to charge the defendant, and that she was liable upon the note.

*Samuel Hand* for the appellant. Plaintiff failed to show sufficient diligent inquiry. as to defendant's residence to charge her. (*Ransom* v. *Mack*, 2 Hill, 587; *Bank of Utica* v. *Bender*, 21 Wend., 643; *Beale* v. *Parish*, 20 N. Y., 407; *Bartlett* v. *Robinson*, 39 id., 189; Laws 1857, 839, § 3.)

*John H. White* for the respondent. Due diligence was used to charge the indorser. (*Prior* v. *Williams*, 2 Keyes, 534; *Ward* v. *Perrin*, 54 Barb., 89.)

EARL, C. The defendant, at the date of the indorsement, had for ten years resided in Rochester, and she continued to reside there for six months thereafter, when she moved to the city of New York, where, during the last six months the note had to run, she resided. Neither the plaintiff nor his agents knew of this change of residence. They believed, in good faith, from information which they had received, that she continued to reside in Rochester. There is evidence tending to show that their inquiries as to her residence were made in the fall, winter and spring before the note fell due. They were made of persons likely to know defendant's residence. The information received was, therefore, such as the plaintiff could rely on, and, in pursuance of this information, the notary was directed to serve notice of protest upon the defendant at Rochester. She claims that she did not receive the notice, and hence that she was not charged as indorser.

In order to charge an indorser, it is not necessary that he should actually receive notice of protest. It is sufficient that such notice has been properly served. If the service be by mail, and the indorser has not indicated where notice may be served upon him by writing the place under his signature on the back of the note, the notice must be addressed to him at his place of residence. But in case the holder does not actually know the indorser's place of residence, the notice may be addressed to the place where, after diligent inquiry, he is informed and believes he resides. What is due diligence in such a case, the facts being undisputed or ascertained, is a question of law.

In *Bank of Utica* v. *Phillips* (3 Wend., 408), the defendant was the second indorser upon a promissory note, payable in ninety days from date. At the time of the indorsement, he resided at Geddes, in the county of Onondaga, but in a few days thereafter removed to Fulton, Oswego county, where he continued to reside. At the time the note was discounted, it was known to the officers of the bank that the defendant resided at Geddes, but thereafter they made no inquiry as to his place of residence, and they received no information of its change. It was held, that a notice of protest sent to Geddes was sufficient to charge the indorser. Judge MARCY, writing the opinion of the court, says: "It appears to me that the question of diligence cannot arise, except in cases where the party knows or ought to know that there is occasion for its exercise. Ought the holders of this note when it fell due to have known that, intermediate its discount and maturity, the indorser had changed his residence? They had no reason to expect such an event, and of course no considerations of diligence could have prompted them to institute any inquiry in relation to it." I think it would not be unreasonable to hold that in all cases, no matter how long the paper has to run, a notice of protest, addressed to the indorser at the place where he resided when he made the indorsement, should be sufficient to charge him, although he may have changed his residence. The holder should be permitted to act, in good

faith upon the presumption of his continued residence, unless he has received information of his change of residence. Such a rule will not be unfair or unjust to the indorser, as he can either notify the holder of the change of residence or make arrangements to have the notice forwarded to his new place of residence. But Judge Marcy, in his opinion, seems to limit the rule to paper having the usual time of bankable paper to run. Here the evidence tends to show that the plaintiff, through his agents, was informed by several persons, at several times within six months before the note fell due, that the defendant resided at Rochester. He lived twenty-four miles from Rochester, and had no reason whatever to doubt that his information was true, and that she continued to reside there. No man of ordinary prudence would, under the circumstances, have acted upon the theory that she might have changed her residence. He used all the diligence the circumstances required of a prudent man, and he and his agents were not bound to make inquiries of her place of residence on the day the note fell due.

In *Bank of Utica* v. *Davidson* (5 Wend., 588), a note was presented for discount by the agent of the maker, who informed the clerk of the bank that the indorsers resided in Bainbridge, and the clerk made a memorandum of this fact. When the note became due it was protested, and a notice of protest was directed to the defendant, one of the indorsers, at Bainbridge, no further inquiries as to his residence having been made. It turned out that the defendant had, a short time before he indorsed the note, removed from Bainbridge, a distance of twelve or fourteen miles, to Masonville, in another county. The notice was held sufficient to charge the defendant, upon the ground that due diligence had been used. In *Bank of Utica* v. *Bender* (21 Wend., 643), the drawer took to the bank a bill of exchange, indorsed by the defendant, which was dated at Chittenango, and there wrote under the name of the defendant " Chittenango," to indicate his place of residence. This memorandum by the drawer, of course, had no greater effect than if he had at the time given the

bank parol information that the indorser resided at Chittenango. He in fact resided at Manlius, and had resided there for twenty years. The bill was protested for non-payment, and notice of protest mailed to Chittenango, without any further inquiry as to the indorser's residence. It was held that the notice was sufficient, and that the defendant was charged. In *Ward* v. *Perrin* (54 Barb., 89), the action was against the indorser of a note payable four months from date. At the time when the indorsement was made, and for about two months thereafter, the indorser resided in Rochester. About two months before the note fell due he removed from Rochester to Bergen. The note was protested, and notice of protest was mailed to the defendant at Rochester. The court held that the holders of the note were not bound to make any further inquiries, and that they could act upon the information as to the indorser's residence which they received when they discounted the note; that they had the right, when the note matured, to assume that the indorser continued to reside in Rochester, and to act, accordingly, in taking the requisite steps to charge him, unless they knew that in the meantime he had changed his residence.

These authorities are sufficient to show that the plaintiff, upon the facts in this case, used due diligence as to the residence of the defendant, and that she was properly charged.

Service by mail was authorized in this case by section 3 of chapter 416 of the Laws of 1857, and Rochester was, within the meaning of that act, the city where, "from the best information obtained by diligent inquiry," the defendant was reported to reside. The degree of diligence required under this section is not greater or other than that required by the common law as expounded in the authorities above cited, in cases where the place of payment differs from the place of residence of the indorser.

I therefore conclude that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.