## NEW YORK BELTING AND PACKING CO. *v.* ELA.

The holder of a dishonored note is bound to exercise ordinary and reasonable diligence in ascertaining the residence or business address of the indorser, and in forwarding notice of the dishonor to him accordingly.

ASSUMPSIT, on a note signed by the Union Printing Company, payable in four months from date to the defendant or order, and by him indorsed to the plaintiffs. The defence was, that the de-

fendant was not notified of the dishonor of the note.    Facts found by the court.

The makers were citizens of New York, and the note was dated at New York city.    When due it was presented for payment, and payment being refused, was protested.    Notice to the defendant was sent by mail directed to him at New York city, and a duplicate notice by mail directed to the defendant in the care of the makers at New York city.    The defendant, at the time of the making of the note, and when it was protested, was a resident of New Hampshire, but there was no evidence that this fact was known to the plaintiffs or to the notary.    The note was given in payment of another note, dated January 10, 1873, for the same sum, signed by the Union Printing Company, payable in thirty days from date to the defendant or order, and indorsed by him to the plaintiffs.    At the time of the making of the last mentioned note, and of the indorsing of the same, the defendant was a resident of New York city, where he was managing the finances of the Union Printing Company, and where he had been residing several months, with a pecuniary interest in that company.    Diligent inquiry was made to ascertain the residence of the defendant, and the notice given was considered by the notary as the one most likely to reach him, but the defendant did not receive notice of the protest.    The note was made and signed by the Union Printing Company, in New York city, and then sent by mail to Concord, N. H., to the defendant, who there indorsed and returned it by mail to the makers, who delivered it to the plaintiffs; but there was no evidence that they had any knowledge that it was not indorsed in New York city.

On the foregoing facts the court found for the plaintiffs for the amount of the note and interest from its protest, with costs of protest, to which the defendant excepted.

*S. Dana*, for the defendant.

*C. H. Smith*, for the plaintiffs.

SMITH, J.    The defence is the want of notice of the dishonor of the note.    The indorser's residence and business address were unknown, and could not by the exercise of ordinary and reasonable diligence be discovered.    The holder of a dishonored note is bound to exercise ordinary and reasonable diligence in ascertaining the residence and business address of the indorser, and in forwarding notice to him accordingly.    *Brighton Bank* v. *Philbrick*, 40 N. H. 506; Bigelow on Bills and Notes 339, 341; Story on Bills, *s*. 299. What is due and reasonable diligence is a mixed question of law and fact, depending upon the circumstances of each case.    *Bank* v. *Philbrick*, *supra*, 509, and authorities cited; *Walker* v. *Stetson*, 14 Ohio St. 89; *Bank of Columbia* v. *Lawrence*, 1 Pet. 578; *Bank of*

*Alexandria* v. *Swann*, 9 Pet. 33; *Carroll* v. *Upton*, 3 N. Y. 272; *Wheeler* v. *Field*, 6 Met. 290, 295. What inquiries or efforts the plaintiffs made to ascertain the residence or business address of the defendant do not appear. It is found that diligent inquiry was made by the notary, and that the notice given was the one most likely, in his judgment, to reach the defendant. This finding is the conclusion of the trial court, and is equivalent to a finding that the plaintiffs used ordinary and reasonable diligence in their efforts to learn the residence or business address of the defendant.

The defendant resided in New York city January 10, 1873; and it does not appear that the plaintiffs were informed of his removal to New Hampshire. When the indorser changes his residence, and does not give the holder notice of the fact, and the holder does not know of the change, and is not guilty of negligence in not knowing it, notice sent to the indorser's former place of residence is sufficient; and when nothing has occurred to suggest a change of residence, no inquiry is necessary. Bigelow on Bills and Notes 339; *Saco Bank* v. *Sanborn*, 63 Me. 340; *Bank of Utica* v. *Phillips*, 3 Wend. 408; *Berridge* v. *Fitzgerald*, L. R. 4 Q. B. 639; *Ward* v. *Perrin*, 54 Barb. 89; *Bliss* v. *Nichols*, 12 Allen 443. In *Brighton Bank* v. *Philbrick*, *supra*, it was decided that when the holder of a promissory note inquires of persons who, from their connection with the note or their acquaintance with the indorser, are likely to know his residence, and are not interested to mislead the inquirer, he has a right to assume and act upon the information as true, and it is due diligence on his part. See *p.* 511, and authorities cited. The notary (who is the holder's agent) considered a notice addressed to the defendant at New York city as the one most likely to reach him; and as the case finds that diligent inquiry was made to ascertain the defendant's residence, it follows that the notary could not learn by reasonable diligence that the defendant had changed his residence, and that the information which he received tended to show that the defendant's residence or business address was New York city. There is no error of law in the result reached at the trial term.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.