power to correct in a substantial particular the verdict as actually rendered. In Dalrymple v. Williams, supra, the foreman of the jury announced a general verdict in favor of the plaintiff and against both defendants, and it was so entered. Application was made upon the same day to the judge holding the circuit, on behalf of one of the defendants, to correct the verdict on the ground that the announcement of the foreman was made through mistake and inadvertence, and that the true verdict agreed upon was in favor of the defendant who made the application and against the other defendant. The court granted the motion upon the affidavits of the jurors, and upon appeal this order was affirmed, but it was said:

"Applications of this character will be rare, will be made before the judge presiding at the trial and while the whole subject is fresh in the minds of all, and never will it be granted except in cases free from reasonable doubt."

In Dean v. Mayor, supra, Mr. Justice Ingraham, expressing the opinion of this court, said:

"A motion to correct the verdict should be made to the court before whom the case was tried. A verdict once entered by the jury and recorded in court becomes the verdict of the court, and any motion to correct that verdict must be made to the court in which the verdict was rendered. There is no express provision that gives the Special Term of the Supreme Court power to change the record of the Trial Term, and I do not know where any such power is given to it."

The fact that this application was made to the particular judge who sat at Trial Term when the case was heard does not alter the situation. His power after the Trial Term is ended is no greater than that of any other judge at Special Term, even though he naturally has more knowledge of what actually took place at the trial.

We think that the court had no power to make the order appealed from, and that it must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to each of the appellants. All concur.

---

TRADERS' NAT. BANK v. JONES.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. BILLS AND NOTES—INDORSERS—NOTICE OF PROTEST—EVIDENCE.

In an action on a note against an accommodation indorser, evidence *held* insufficient to establish the giving of direct notice of protest to defendant.

2. SAME—FOREIGN LAWS—STATUTES—PROOF.

Under Code Civ. Proc. § 942, providing that a printed copy of a statute or other written law of another state, contained in a book or publication purporting or proved to have been published by the authority thereof, or proved to be commonly admitted as evidence of the existing law in the judicial tribunals thereof, is presumptive evidence of such statute, parol evidence was inadmissible to establish the statute law of Pennsylvania as to the giving of notice of protest.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 530.]

3. SAME—NOTICE BY MAKERS.

Where a notary gave due notice of protest of a firm note to the firm, who were both makers, and in form, at least, subsequent indorsers, in-

closing a notice to defendant, who was a member of the firm and an accommodation indorser of the note, which notice was immediately mailed to defendant, the makers, though not entitled on their own behalf to give a valid notice of protest to defendant, as provided by Negotiable Instruments Law, § 161 (Laws 1897, p. 739, c. 612), were authorized to forward such notice by section 162, as agents of the holder of the note.

Van Brunt, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by the Traders' National Bank against Frank Cazenove Jones. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James H. Warner, for appellant.

Grant C. Fox, for respondent.

LAUGHLIN, J. The action is brought to recover of the defendant, as indorser, the amount of two promissory notes and protest fees. The question presented for determination is whether the evidence shows as matter of law the giving of due notice of protest to the defendant. Both notes were made at Scranton, Pa., by the copartnership firm of C. F. Beckwith & Co., of that city. They were payable to the order of the defendant, indorsed by him, and then indorsed by the makers and delivered to the plaintiff before maturity, at whose bank they were payable. The notary who protested the notes was called by the plaintiff. His testimony is sufficient to show due presentation, demand, dishonor, and protest, but concerning the mailing of the notice of protest to the defendant it was indefinite and uncertain both as to time and address, and conflicted with other evidence presented by the plaintiff. He testified that he addressed the notice to the defendant at some place, the number he could not remember, between 60 and 70 Central Park West, city of New York, and that he obtained the defendant's address from C. F. Beckwith, one of the makers; but he does not expressly state that he addressed the envelope according to the address he received from Beckwith. Beckwith was also called by the plaintiff, and gave the defendant's residence, place of business, and other addresses for receiving mail at that time, none of which, however, was Central Park West; and further testified that the defendant had had an apartment in Central Park West, but does not specify the time or place. He was not asked concerning the address that he gave the notary. Beckwith testified that the defendant was a member of his firm. It may be that the jury would have been justified in finding that the notary addressed the notice to an address given by Beckwith, the defendant's partner, and that this would be a full compliance with the duty of exercising proper diligence to ascertain the post-office address and notify the indorser of the dishonor of the paper, which is a condition precedent to his liability. Spencer v. Bank of Salina, 3 Hill, 520; University Press v. Williams, 48 App. Div. 188, 62 N. Y. Supp. 986; Requa v. Collins, 51 N. Y. 144; Gawtry v. Doane, Id. 84, 92. The

court, however, was not warranted in attempting to reconcile this conflict of testimony and in deciding the question as one of law. The verdict, therefore, cannot be sustained upon the direct notice to the defendant. The notary gave due and timely notice of protest to the defendant's firm, who were both makers, and in form, at least, subsequent indorsers. If the plaintiff had alleged that the defendant was a member of the firm, I am of opinion that he would be chargeable with knowledge of the dishonor and with the notice given to his firm as indorsers (Gowan v. Jackson, 20 Johns. 176; Halliday v. McDougall, 22 Wend. 264, 272. See, also, Negotiable Instruments Law, Laws 1897, p. 739, c. 612, §§ 170, 185, 186); but this was not pleaded, and, since it was not an issue, there is no justice or propriety in seizing upon this item of evidence, although admitted without objection that it was not pleaded, for the purpose of holding the defendant. The verdict should stand or fall upon the issues as tried. The notice to the firm, however, was received either on the day the note fell due or on the morning of the day following. With it came, under separate cover, addressed to the defendant, care of the firm, a formal notice of protest by the notary in behalf of the plaintiff directed to the defendant, and the firm were requested to forward the same to him. Mr. Beckwith testified that immediately upon receiving this notice he inclosed it in an envelope and addressed it to the defendant at his regular place for receiving mail in the city of New York, which was in care of his counsel on this appeal. The notary, who was a member of the bar of Pennsylvania, testified that the statutory law of that state required that the state notice of protest to an indorser, when served by mail, be addressed either to his residence or place of business, or last place of business. If this testimony is to be construed literally, it indicates that the rule in Pennsylvania is more restricted than the requirements of the law merchant or of the negotiable instruments law as adopted in this and many other states, including Pennsylvania (Act of Assembly of Pennsylvania No. 162, 1901 [P. L. 194]), in that under them, if the indorser has not designated an address on the instrument, notice to any address where he is accustomed to receive mail would be sufficient. Ransom v. Mack, 2 Hill, 587, 38 Am. Dec. 602; Van Vechten v. Pruyn, 13 N. Y. 549, 555. This question would not have arisen had the plaintiff's counsel introduced the statute, instead of taking the opinion of the notary, which was manifestly not only erroneous on the law, but, as he construed the law, it is doubtful whether the notice would be sufficient. We think that the verdict may be saved, however, upon the theory that this evidence was incompetent to prove statutory law (Code Civ. Proc. § 942; Hynes v. McDermott, 82 N. Y. 41, 54, 37 Am. Rep. 538; Lincoln v. Battelle, 6 Wend. 475; Chanoine v. Fowler, 3 Wend. 173); and, even if the plaintiff, having introduced it, is bound by it, it is insufficient to establish that the law of Pennsylvania on this point is different from the law merchant, and should be so construed as to be consistent therewith.

Although it presumptively appears from the face of the notes and the indorsements that the defendant was an accommodation indorser for the makers (Smith v. Weston, 159 N. Y. 194, 54 N. E. 38; Nat. Bank v. German American M. W. Co., 116 N. Y. 281, 22 N. E. 567, 5 L. R. A. 673), and therefore would not be liable to them, and consequently they could not, in their own behalf, give him a valid notice of protest (Negotiable Instrument Law, Laws 1897, p. 739, c. 612, § 161; Cabot Bank v. Warner, 92 Mass. 522; Harrison v. Roscoe, 15 M. & W. 231; Stanton v. Blossom, 14 Mass. 116, 120, 7 Am. Dec. 198; Story on Promissory Notes, § 303 [7th Ed.]), yet they could on behalf of the bank, and as its agents, give the notice by forwarding it immediately, as was done (Negotiable Instruments Law, Laws 1897, p. 739, c. 612, §§ 162, 163; Sewall v. Russell, 3 Wend. 276; Chanoine v. Fowler, supra; Lawrence v. Miller, 16 N. Y. 235; Smith v. Poillon, 87 N. Y. 590, 41 Am. Rep. 402; Eagle Bank v. Hathaway, 46 Mass. 212; Rowe v. Tipler, 13 C. B. 249; Chapman v. Keane, 3 Adol. & L. 193; Lysaght v. Bryant, 19 L. J. C. P. 160).

It follows, therefore, that the judgment and order should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.