WILLIAM H. SMITH, Appellant, *v.* ABIJAH WESTON, Respondent, Impleaded with ORREN WESTON and WILLIAM W. WESTON.

1. APPEAL — VERDICT BY DIRECTION — FACTS. On appeal from an affirmance of a judgment entered upon a verdict directed by the court, where each party had requested the direction of a verdict in his favor and neither asked to go to the jury, all the controverted facts and all inferable facts in support of the judgment will be deemed conclusively established in favor of the party for whom the verdict was directed.

2. PROMISSORY NOTE HELD BY TRANSFEREE OF MAKER AND PAYEE — A PARTNERSHIP AS SECOND INDORSER — BURDEN OF PROVING AUTHORIZATION OF INDORSEMENT. Where, in an action by the transferee of a promissory note against the members of a partnership as second indorsers, by virtue of an indorsement in the firm name by one of the members, it appears that the note was transferred to the plaintiff by one of the makers, who was also the payee and first indorser, the presumption arises that the second indorsement was for the accommodation of a prior party to the note and so not within the scope of the partnership business, and imposes upon the plaintiff the burden of showing that such indorsement by one member of a partnership was authorized or ratified by the other members.

*Smith* v. *Weston*, 88 Hun, 25, affirmed.

(Argued April 26, 1899; decided June 6, 1899.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered July 1, 1895, affirming a judgment entered upon a verdict directed in favor of the defendant.

- The nature of the action and the facts, so far as material, are stated in the opinion.

*C. S. Cary* for appellant. The rule that where a note is presented by and discounted for its maker the purchaser must be held to have notice that the indorsement is accommodation, and hence outside the business of the firm, and that the burden is thrown upon the holder of the note of proving the authority or consent of the other partner, is not applicable to this case. (*Parker* v. *Conner*, 93 N. Y. 127; *Bank of Comm.* v. *Mudgett*, 44 N. Y. 514; *Atlas* v. *Savery*, 127

Mass. 75.) It appears from the evidence of J. K. Van Cam-
pen that the note in suit was made for the purpose of taking
up outstanding obligations, paper made and indorsed by the
same parties; whether this outstanding paper constituted valid
and subsisting obligations against the firm of Weston Brothers
does not affirmatively appear, but in the absence of proof to
the contrary, it must be held to have been valid. The law
presumes it to have been so. ( *Vernon* v. *M. Co.*, 22 Wend.
183 ; *F. Nat. Bank* v. *Morgan*, 73 N. Y. 593 ; *S. C. Bank*
v. *Alberger*, 101 N. Y. 202 ; *City Bank* v. *McChesney*, 20 N.
Y. 240 ; *B. B. Bank* v. *Hoge*, 35 N. Y. 65.) If it should be
held that the evidence was sufficient to sustain the ruling that
the note was discounted by the plaintiff for the maker, then
the result is to throw upon the plaintiff the burden of
either showing the assent, expressed or implied, of Abijah
Weston to the use of the firm name, or show such a state
of facts as will estop him from denying the authority of Wil-
liam W. Weston to use the firm name in the manner he did.
(1 Daniels on Neg. Inst. § 700 ; *Vernon* v. *M. Co.*, 22 Wend.
183 ; *Dob* v. *Halsey*, 16 Johns. 33 ; *Parker* v. *Conner*, 93
N. Y. 127.) It will be seen by reference to the opinion of
the General Term that the plaintiff's contention that the use
of the firm name was authorized by Abijah Weston is disposed
of by the statement, " It was not shown that the plaintiff
knew at the time he discounted the note of these former
indorsements of the defendant's firm name by William."
This statement showed a manifest oversight or misapprehen-
sion of the undisputed evidence in the case. (*Griswold* v.
*Haven*, 25 N. Y. 595 ; *Ralli* v. *White*, 21 Misc. Rep. 290.)
It must be held as to third persons dealing innocently with
this note, that Abijah Weston has impliedly consented to the
indorsement in question or must be held to be estopped from
denying the authority of his brother to make such indorse-
ment. (*Butler* v. *Stocking*, 8 N. Y. 408 ; *Weed* v. *Carpenter*,
10 Wend. 403 ; 2 Kent's Comm. 476–480 ; Story on Part.
[5th ed.] § 101 ; *Gildersleeve* v. *Mahoney*, 5 Duer, 383 ;
*S. H. B. Co.* v. *E. H. B. M. Co.*, 90 N. Y. 613 ; *Trustees* v.

*Smith,* 118 N. Y. 634.)    Partners must be held to have knowledge and notice of the acts of any of their partners, as in the discharge of their plain duty they might or ought to have had. (Story on Part. § 168; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 N. Y. 59.)

*J. H. Waring* for respondent.    The verdict, although directed, has the same force as if rendered without direction. (*Koehler* v. *Adler,* 78 N. Y. 287; *Stratford* v. *Jones,* 97 N. Y. 586.)    The indorsement in question was unauthorized. (*Foot* v. *Sabin,* 19 Johns. 154; *Laverty* v. *Burr,* 1 Wend. 529; *Sweetzer* v. *French,* 56 Mass. 302; *Gansevoort* v. *Williams,* 14 Wend. 133; *Smith* v. *Weston,* 81 Hun, 87.)    The burden was on the plaintiff to show he was a *bona fide* holder of the note. (*Joy* v. *Diefendorf,* 130 N. Y. 6; *C. N. Bank* v. *Diefendorf,* 123 N. Y. 191; *F. N. Bank* v. *Green,* 43 N. Y. 298; *O. N. Bank* v. *Carll,* 55 N. Y. 440; *Nickerson* v. *Ruger,* 76 N. Y. 279; *Vosburgh* v. *Diefendorf,* 119 N. Y. 357.)    The undisputed evidence shows affirmatively that the plaintiff was not a *bona fide* holder. (*Foot* v. *Sabin,* 19 Johns. 154; *Gansevoort* v. *Williams,* 14 Wend. 133; *Joyce* v. *Williams,* 14 Wend. 141; *Stall* v. *Catskill Bank,* 18 Wend. 466; *Elliott* v. *Dudley,* 19 Barb. 326; *Bank of Rochester* v. *Bowen,* 7 Wend. 159; *Fielden* v. *Lahens,* 6 Abb. [N. S.] 341; *U. N. Bank* v. *Underhill,* 21 Hun, 178; *A. S. Bank* v. *Savery,* 82 N. Y. 291; *N. P. Bank* v. *G. A. M. W. & S. Co.,* 116 N. Y. 281.)    The respondent's testator was not estopped from denying his brother's authority. (*Brown* v. *Bowen,* 30 N. Y. 519; *Fielden* v. *Lahen,* 6 Abb. [N. S.] 341; *Foot* v. *Sabin,* 19 Johns. 154; *Bank of Vergennes* v. *Cameron,* 7 Barb. 143.)

VANN, J.    This action was brought against the defendants as second indorsers upon a note, dated December 4th, 1891, whereby George Van Campen & Sons, nine months after date promised to pay to the order of J. K. Van Campen, administrator, $2,000 at the First National Bank of Olean, N.

Y., for value received. The note was indorsed by "J. K. Van Campen, administrator," as first indorser, and by "Weston Brothers" as second indorser. The defendant Abijah Weston alone answered, alleging that the indorsement of Weston Brothers was made for the accommodation of the makers, without consideration or authority, and that the plaintiff knew it when he took the note.

The firm of George Van Campen & Sons was composed of George Van Campen, George Van Campen, Jr., and James K. Van Campen, but before said note was made George Van Campen had died, and the partnership was continued by the survivors under the old firm name. James K. Van Campen was administrator of the estate of George Van Campen, his father, and indorsed in that capacity.

The note in question was given to renew a similar note held by the plaintiff, which was the second or third of a series originating eighteen months or two years prior to the date of the last, each made and indorsed in the same way. The firm of Weston Brothers was composed of Abijah, Orren and William W. Weston, and William W. wrote the name of his firm on the back of these notes, for the first of which the plaintiff paid cash. From 1885 or 1886 until 1892 he indorsed in this way the paper of George Van Campen & Sons for their accommodation to the amount of about $60,000. He also indorsed notes made by five other makers for their accommodation, and the paper was discounted at various banks, and was also purchased by individuals. The Van Campen paper, prior to the death of George Van Campen, was made payable to and indorsed by him as payee, and he disposed of it, but after his death it was made payable to and indorsed by James K. Van Campen, administrator, as payee, and was disposed of by him. Weston Brothers had no benefit from any of this paper, which was all used for the benefit of the various makers thereof, and the use of the firm name by William for the accommodation of others was without any express authority from his copartners. Evidence was given tending to show that these indorsements by William were made with the

implied authority of the other members of the firm, but it was not conclusive and presented a question of fact. Although the conflict in the evidence was slight, different inferences were permitted, and it would have been the duty of the trial court to submit the question to the jury had· not each party moved for the direction of a verdict in his favor. The court denied the motion of the plaintiff, who made no request to go to the jury, and granted the motion of the defendant, and the plaintiff excepted to each ruling. Upon appeal to the General Term the judgment entered upon the verdict dismissing the complaint was affirmed and the plaintiff now comes here.

As both parties moved for the direction of a verdict and neither asked to go to the jury, the case presented upon this appeal is the same in effect as if the cause had been duly submitted to the jury and they had found a verdict in favor of the defendant. As was said in *Thompson* v. *Simpson* (128 N. Y. 270, 283), " the effect of a request by each party for a direction of a verdict in his favor clothed the court with the functions of the jury, and it is well settled that in such case where the party whose request is denied, does not thereupon request to go to the jury on the facts, a verdict directed for the other party stands as would the finding of a jury, for the same party, in the absence of any direction, and the review in this court is governed by the same rules as apply in cases of ordinary verdicts rendered without any direction. All the controverted facts and all inferable facts in support of the judgment will be deemed conclusively established in favor of the party for whom the verdict was directed."

While upon the production of the note by the plaintiff and proof of the signatures of the parties thereto and of presentment and notice of dishonor, a *prima facie* case was established in his favor, as soon as it appeared that the note was indorsed outside of the firm business and without the authority of all the members, the burden of proof shifted, and in order to recover it was necessary for the plaintiff to show that he was a *bona fide* purchaser, or that the indorse-

ment was authorized. (*Joy* v. *Diefendorf*, 130 N. Y. 6;
*Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 191;
*Nickerson* v. *Ruger*, 76 N. Y. 279; *First Nat. Bank* v.
*Green*, 43 N. Y. 298.) It was not enough for him to prove
simply that he paid value for the note before maturity, but it
was necessary for him to go farther and show either that he
had no knowledge, or notice equivalent to knowledge, that the
indorsement was for the accommodation of the makers, or
else that it was made with the authority of or was ratified by
the other members of the firm. (*Vosburgh* v. *Diefendorf*,
119 N. Y. 357; *Bank of Rochester* v. *Bowen*, 7 Wend. 159;
*Dob* v. *Halsey*, 16 Johns. 34; *Laverty* v. *Burr*, 1 Wend.
529.) As the note was transferred to the plaintiff by one of
the makers, who was also the payee and first indorser, the
presumption arose that the second indorsement was made for
the accommodation of some prior party to the note and threw
the burden on the holder of showing that it was authorized.
(*National Park Bank* v. *German-American, etc., Co.*, 116
N. Y. 281.) The plaintiff knew he was dealing with one of
the makers of the note when he took it from James K. Van
Campen, and he also knew that Mr. Van Campen, either as
maker or as first indorser, could not be expected to have posses-
sion of the note if it had passed through the firm of Weston
Brothers in the ordinary course of business. He was, there-
fore, put upon inquiry, which, if made in the proper quarters,
would, as it must be presumed, have disclosed the fact that the
second indorsement was made without authority. (*Foot* v.
*Sabin*, 19 Johns. 154; *Wilson* v. *Metropolitan Elevated Ry.
Co.*, 120 N. Y. 145; *Stall* v. *Catskill Bank*, 18 Wend. 466;
*Gansevoort* v. *Williams*, 14 Wend. 134; *Joyce* v. *Williams*,
Id. 141; *Wilson* v. *Williams*, Id. 146.)

The plaintiff was not called as a witness, and it did not
appear that he made any inquiry, or that he acted upon facts
other than those stated. The fact that he took the note from
the payee does not affect the principle, because the payee was
the first indorser, and, in the usual course of business, would
not have possession of a note indorsed by Weston Brothers as

second indorsers. Such possession was notice, in the absence of explanation, that they had indorsed for the accommodation of the makers or the payee, and hence, not within the scope of the partnership business. The law upon the subject is well stated in *Stall* v. *Catskill Bank* (*supra*), where the chancellor, speaking for the Court of Errors, said : " It is no part of the ordinary business of a mercantile firm to make or indorse notes as the sureties for third persons, or to pay the private debts of the individual partners, and of course there is no implied authority for one member to indorse or affix the name of the firm to negotiable paper, in which the partnership has no interest, for such purposes. If, therefore, it appears upon the face of the paper, that the partnership name is signed as a mere surety for some other person, the party who takes the note from such person has actual notice of the fact that it is not signed in the ordinary course of partnership business. He must, therefore, at his peril, make the necessary inquiries, and ascertain that there was some special authority for one partner to sign the partnership name as such surety, either express or implied. So, if the drawer of a note carries it to a bank to get it discounted on his own account, or transfers it to a third person with the name of a firm indorsed thereon, the transaction on its face shows that it is a mere accommodation indorsement, or the note would not be .in the hands of the drawer; and the bank or person who receives it from the drawer, being thus chargeable with notice that the firm are mere sureties of the drawer, and that it has not passed through their hands in the ordinary course of partnership business, the members of the firm who have been made sureties without their consent, are not liable to such holder of the note."

We think the cases cited are conclusive, and leave nothing further to be said upon the subject.

The claim that the defendant was bound by long acquiescence in the course of his brother William, presented a question of fact, which, as already appears, was decided against the plaintiff, upon sufficient evidence to place it beyond our power in this case. That question reappears in the case of the

*Monongahela Bank* v. *Weston,* where we can consider it without the embarrassment of a conclusive finding of fact.

As we find no reversible error the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.