### UNION NUT & BOLT CO. v. DOHERTY et al.

(City Court of New York, General Term. July 11, 1900.)

PARTNERSHIP—NOTE NOT GIVEN IN COURSE OF PARTNERSHIP BUSINESS—NOTICE
  —BONA FIDE PURCHASER.
  Where a partner executed a note in the firm name outside the partnership business, and without the knowledge of his co-partners, the fact that plaintiff, an indorsee before maturity, went to defendant's place of business, saw that they were in the transportation business from the sign over the door, saw no bicycles there, and made no inquiry as to their business,

the payee having stated that he obtained the note for bicycles, was not sufficient to charge plaintiff with knowledge of the fact that the note was executed outside the partnership business, and preclude it from being a bona fide purchaser.

Appeal from trial term.

Action by the Union Nut & Bolt Company against Patrick H. Doherty and others. Judgment for plaintiff (see 44 N. Y. Supp. 781),. and defendants appeal. Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

Avery F. Cushman, for appellants.

Harris & Corwin, for respondent.

SCHUCHMAN, J. The complaint sets up a cause of action on a. note against the defendants, as makers thereof, of the tenor following:

"$1,425.                                    New York, April 9, 1896.

"Four months after date we promise to pay to the order of C. Selig fourteen. hundred and twenty-five dollars at the Seaboard National Bank. Value received.                                    Doherty Bros. & Co."

It alleges that the defendants made this note, and delivered it to Charles Selig, who indorsed the same for value to the plaintiff. The firm of Doherty Bros. & Co. is composed of Patrick H. Doherty, Hugh Doherty, and Charles H. Abbott. The two Doherty defendants in their answer admit that they, with the defendant Abbott, were co-partners doing business under the firm name of Doherty Bros. & Co., deny the execution of the note, deny any knowledge as to the alleged indorsements, and for a separate defense allege that the said firm of Doherty Bros. & Co. carry on the business of lake and canal transportation, and that the note mentioned in the complaint was not made and delivered for a partnership purpose, and that the plaintiffs had due notice of this fact. The evidence adduced at the trial shows that the note in suit was signed in the firm name of Doherty Bros. & Co. by the defendant Charles H. Abbott. The plaintiffs, after proving the execution of the note by Abbott, and the indorsement of the note by Selig,. rested. The defendants Hugh Doherty and Patrick H. Doherty then testified in their own behalf that the firm of Doherty Bros. & Co., which was dissolved on April 26, 1896 (about two weeks subsequent to the date of the note), carried on the business of transportation on commission, on the New York and Erie Canal. The character of their business was contracting to carry freight from New York to Buffalo and around the harbor of New York, hiring boats to carry freight, and acting as agents here to receive cargoes shipped from Buffalo. The firm never had an account in the Seaboard National Bank, and never had any bank account, and had never bought goods or merchandise. The firm never made a promissory note. Neither of the defendants. Doherty knew of the existence of the note in suit until it went to protest. The note was not given in accordance with any of the firm's transportation business. This shifted the burden of proof in regard to the bona fide ownership of the plaintiffs of the note upon the plaintiffs. To sustain this burden the plaintiffs called as a witness Irving S. Ventres who testified that he was in the employ of the plaintiffs,.

and that Charles Selig came to the plaintiffs about May 5, 1896, and offered the note for the purchase of bicycles; that, after Selig delivered the note to the plaintiffs' the plaintiffs delivered to Selig 23 bicycles, amounting to $1,495. Ventres asked Selig how he got the note, and Selig said "for merchandise." Upon cross-examination it was shown that this witness upon a former trial of the action had testified that this note in suit was taken in payment of a bill for bicycles which had been purchased prior to the giving of the note. Upon this trial, however, the witness testified that they refused to ship any more goods to Selig without security, and Selig said, "All right; I have a Doherty Brother's note, which you will kindly look up." The witness testified further that, after taking a memorandum of the note, he got an agency report on Doherty Bros. & Co., and then called at their office on Broad street. He saw a sign over the door to the effect that Doherty Bros. & Co. were in the transportation business. He went into their place of business, and saw desks and general office furniture. He saw no merchandise there. He made no inquiry as to the nature of their business.

Upon this evidence the issues, and whatever conflict or conflicts there were, were by a proper charge, to which no exception was taken by the defendants, submitted to the jury, who rendered a verdict in favor of the plaintiffs. The defendants Doherty having proved that the note in suit was signed in the firm name, and given by Abbott, one of the partners, outside of the partnership business, and without the authority of the other partners, the rules of law require the plaintiffs to establish affirmatively, to be entitled to recover, that they were bona fide purchasers, or that the signature to the note in the firm name was authorized by the other partners. Smith v. Weston, 159 N. Y. 194, 54 N. E. 38. The plaintiffs did not attempt to establish their claim to recovery upon the fact that the execution of the note was authorized by the partners, but rely upon the fact of being bona fide purchasers. To constitute a bona fide holder of a note, it must have been obtained for value, before maturity, in good faith, in the usual course of business, and without notice of a defect or infirmity in the title. All these elements are established by the evidence in this case. It is true that there is some conflict, but the jury's verdict settled that in plaintiff's favor. The appellants maintain that because Irving S. Ventres, plaintiff's manager of the cycle department, called at the office of Doherty Bros. & Co., on Broad street, and saw the sign over the door to the effect that Doherty Bros. & Co. were in the transportation business, that fact constituted notice to plaintiff; that the note in suit given for the sale of bicycles was not given in the course of defendants' co-partnership business, and that that fact should put plaintiffs upon inquiry. We do not think so. Tradesmen may be engaged in a transportation business, and may, and often do, deal in the purchase and sale of goods. The purchase of goods in one place transported for sale to another is a matter of daily occurrence and the usual course of business. There is nothing unusual or suspicious about such a cause. On account of knowing that a firm is engaged in the transportation business, and failing to make inquiries as to whether a note given by the firm in payment of a bicycle pur-

chase was within their usual course of business, does not constitute bad faith; not even carelessness. A tradesman taking negotiable paper in the course of business is entitled to the benefit of the rule of the commercial law which forbids its validity being questioned, when the transaction constitutes him a bona fide holder. Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676; Anderson v. Blood, 152 N. Y. 285, 46 N. E. 493.

Judgment and order appealed from affirmed, with costs and disbursements.

CONLAN, J., concurs.