## SECOND NAT. BANK OF CITY OF ELMIRA v. WESTON et al.

(Supreme Court, Appellate Division, Fourth Department.  June 11, 1901.)

BILLS AND NOTES—ACCOMMODATION PAPER—ACTION BY INDORSEE—NOTICE—QUESTION FOR JURY—EVIDENCE.

Plaintiff bought, before due, from the payee, a note executed without authority in a firm name by a former member subsequent to its dissolution, but antedated prior thereto.  A representative of a commercial agency testified that at some time he sent plaintiff a written notice that a certain company had succeeded to the business of the makers of the note, but the exact date of the notice was not stated.  The payee of the note testified that he informed plaintiff's president, when negotiating for the discount of the note, that he had conveyed real estate to the firm as security for the use of the firm name on the paper.  Plaintiff's president testified that he first learned of the formation of the company after plaintiff had become owner of the note, and denied the payee's statement, saying that the payee said that he had transferred real estate to the firm, receiving the note in question, with others, therefor.  *Held*, that the question whether plaintiff had notice that it was an accommodation note was for the jury, and hence the direction of a verdict for defendant was error.

Appeal from trial term, Cattaraugus county.

Action by the Second National Bank of the City of Elmira against Charles Weston, executor, impleaded with others.  From a judgment entered after direction of a verdict for defendants, plaintiff appeals.  Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

C. S. Cary, for appellant.
J. H. Waring, for respondents.

ADAMS, P. J.  This action, which has been twice tried, is brought upon a promissory note dated December 30, 1891, made by Weston Bros., payable to the order of George E. Ramsey 18 months after date, and transferred to the plaintiff by indorsement on the 3d day of March, 1893.  Upon the first trial a verdict was directed in favor of the defendants Abijah and Orren Weston, the only answering defendants, both of whom have since died, which direction was subsequently affirmed by this court.  31 App. Div. 403, 52 N. Y. Supp. 315.  An appeal was thereupon taken to the court of appeals, where the judgment appealed from was reversed, and a new trial granted.  161 N. Y. 520, 55 N. E. 1080.  Upon the second trial at the close of the evidence a verdict was again directed in favor of the defendant Charles

Weston, as executor; he having been substituted as defendant after the death of his father, Abijah Weston, who had continued the action as survivor after the death of Orren. From the judgment entered thereon this appeal is brought.

Upon both trials it was made to appear that the note in suit was signed by one William Weston, a member of the firm of Weston Bros., without the authority of his co-partners, for the accommodation of the payee therein named, and that it was in fact made after the dissolution of the firm, although it was antedated so that it might appear to have had its inception prior to the happening of that event. Upon both trials it was held that the foregoing facts, which were undisputed, cast upon the plaintiff the burden of showing that it purchased the note in suit for full value, and without notice of the circumstances under which it was executed. See, also, Smith v. Weston, 159 N. Y. 194, 54 N. E. 38. When the case was here before, we held that this burden had not been met, and that consequently the direction of a verdict for the defendants by the trial court was proper; but the court of appeals, in overruling our decision, declared that, while the evidence would permit, it did not, as matter of law, require, the conclusion that the plaintiff took the note with notice of its accommodation character, and that it was therefore error to withhold that question from the jury. Upon the last trial a considerable portion of the evidence was read from the printed record used upon the appeal, and, in substance, it was the same as upon the first trial, with this exception: A representative of the Dun Commercial Agency testified that at some time he sent to the plaintiff a written or printed notice that the Weston Lumber Company had succeeded to the business of Weston Bros., but just when this notice was sent he could not state, and upon his cross-examination he testified that all he remembered about it was that the notice was "put in an envelope and sent to the Second National Bank by a messenger"; that he had no recollection of the exact date, or of any date whatever; and that it might have been as late as in July, 1893. To rebut this evidence the plaintiff's president was called as a witness, and testified that he first learned of the formation of the corporation known as the Weston Lumber Company after the maturity of the note in suit, that upon ascertaining this fact he made inquiry of Dun's Commercial Agency, and that, according to his best recollection, this was the latter part of July, 1893, which was some months after the plaintiff had become the owner of the note. Manifestly, therefore, if the case presented an issue of fact without this evidence, it presents one still; for it cannot be said that its necessary effect is to conclusively establish notice to the plaintiff of any infirmity in the note prior to its transfer.

It is contended that upon the last trial Ramsey, the payee of the note, informed the plaintiff's president, while he was negotiating for its discount, that he had conveyed real estate to William Weston as security for his name, and the use of the firm name on this paper, and that in this respect the evidence differed from the evidence upon the first trial. Assuming this statement to be true, as we must from the well-known character of the counsel making it, it still leaves an issue of fact to be disposed of; for Mr. Dexter, the plaintiff's president,

testified that Ramsey did not tell him that he had transferred property to Weston Bros. to secure them, but that he did say that he had transferred real estate to that firm, and that this note had, with others, been given to him therefor; that he (Dexter) did not at that time have any other knowledge or information as to the origin or character of this paper, except what Ramsey said on that occasion; and that he had no knowledge that it was accommodation in its character, or that it was made outside of the business of the firm of Weston Bros. We fail to see how the direction of the verdict in this case can be sustained without disregarding the plain mandate of the court of last resort, and the plaintiff's motion should therefore be granted.

Judgment reversed and new trial ordered, with costs to the appellant to abide event. All concur.