CITIZENS' BANK OF BUFFALO, Respondent, *v.* THE RUNG FURNITURE COMPANY, Appellant, Impleaded with Others.

*Decision made by the judge on a jury trial — on appeal it must be considered as the law of the case — who is a* bona fide *purchaser of an accommodation note — motion for a new trial effective on appeal, though no motion for a nonsuit or the direction of a verdict is made.*

A decision by a judge, presiding at a jury trial, of a material fact, put in issue by the evidence, becomes the law of the case, and the party in whose favor the decision was made may not question its accuracy for the purpose of sustaining a judgment in his favor entered upon the verdict of the jury.

The purchase of an accommodation promissory note for full value before maturity is not alone sufficient to establish that the purchaser is a *bona fide* holder thereof, when it appears that at or prior to the time of the purchase, circumstances sufficient to put him upon inquiry as to the validity of the note had come to his knowledge. In such a case, the purchaser is chargeable with knowledge of all the facts which such an inquiry would have disclosed.

Upon an appeal from an order denying a motion for a new trial, made upon the minutes, the Appellate Division may review the question whether the verdict was contrary to law and the evidence, although no motion for a nonsuit or for the direction of a verdict was made by the counsel for the appellant at the close of the evidence.

APPEAL by the defendant, The Rung Furniture Company, from a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of Erie on the 13th day of March, 1902, upon the verdict of a jury, and also' from an order entered in said clerk's office on the 4th day of April, 1902, denying the said defendant's motion for a new trial made upon the minutes.

*August Becker*, for the appellant.

*Fred D. Corey*, for the respondent.

McLENNAN, J.:

The action was commenced on the 22d day or May, 1901, to recover the amount of a promissory note in the words and figures following, to wit:

"$1,500.00.　　　　　　　　　　　BUFFALO, *April* 8, 1901.

One month after date we promise to pay to the order of Frances C. Rung, fifteen hundred dollars, at Citizens' Bank of Buffalo. Value received.

[30c. Rev. stamps canceled.]

"THE RUNG FURNITURE CO.,

"CHARLES N. RUNG, *Treasurer.*"

The signatures to the note were made by Charles N. Rung, who was in fact treasurer of the defendant corporation and one of its directors, and was by him delivered to the payee, Frances C. Rung. She indorsed the same and delivered it to the defendant Theresa Rung, who also indorsed the note and delivered it to the plaintiff before maturity, which discounted it and credited her with the avails thereof, and applied the same in payment of a note, made precisely as the one in suit, which had previously been discounted for her by the plaintiff. The note was given for the accommodation of Theresa Rung, the defendant receiving no consideration therefor, and not being indebted to any of the parties connected with the note.

The court said to the jury: "I now charge you that this note was not an obligation of the defendant corporation. That is, that the debt for which it was given was not the debt of the defendant corporation."

Therefore, that issue — there being evidence tending to support the proposition — was settled for the purposes of the trial favorably to the appellant, and the respondent cannot question its correctness upon this appeal for the purpose of sustaining the judgment.

The only question submitted to the jury was whether or not the plaintiff was a *bona fide* holder of the note in suit. The defendant corporation proved upon the trial certain facts and circumstances which tended to establish that the plaintiff knew when it purchased the note that it was accommodation paper, and such as the corporation had no right or authority to issue, or at least that the circumstances within the knowledge of the plaintiff when it purchased the note were sufficient to put it upon inquiry; and in response to the request of defendant's counsel the learned trial court charged: " That the circumstances which were within the knowledge of Mr. Block, the President of the bank, were sufficient to put him upon inquiry, and hence he, as President of the bank, is chargeable with knowledge of all the facts that such inquiry would have revealed."

It is not important to inquire whether or not a contrary or different conclusion might properly have been reached upon the evidence. The proposition as charged became the law of the case, and the respondent cannot now be heard to question its accuracy for the purpose of sustaining the judgment entered upon the verdict of the jury.

A decision by a trial judge of a question of fact becomes the law of the case, and if the fact is material and the evidence was such as to put it in issue, the successful party may not question its accuracy for the purpose of sustaining a judgment in his favor, entered upon the verdict of a jury. (*Wangler* v. *Swift*, 90 N. Y. 44, and cases cited.)

The reasonableness of the rule is aptly illustrated in the case at bar. The defendant corporation, after having proven a large number of facts and circumstances showing the dealings between the plaintiff and the respective defendants, what took place between them at the different times when the several notes of which the one in suit was the last renewal were given, all of which it claimed conclusively established that the plaintiff knew of the invalidity of the note in suit, or at least that it had knowledge sufficient to put it upon its inquiry, asked the court, in substance, to state that those propositions had been established as matter of law. The court assented to the last part of defendant's contention, charged the fact so to be, and we must assume that the jury so found. If the plain-

tiff may now successfully assail that finding, the defendant will be deprived of all opportunity to protect its rights in the premises.

We then have the two propositions fully established for the purposes of this appeal, namely : *First.* That the note in suit was not a valid obligation against the defendant corporation, except in the hands of a *bona fide* holder. *Second.* That the circumstances which were within the knowledge of the plaintiff were sufficient to put it upon inquiry in respect to the validity of the note, and that it was chargeable with all the facts such inquiry would have revealed.

Those facts being established, and the plaintiff having failed to show that it made any inquiry or investigation in respect to the validity of the obligation as against the appellant, the plaintiff was not entitled to recover.

The fact that the plaintiff paid full value for the note before maturity was not alone sufficient to establish that it was a *bona fide* holder when, as charged by the court, the circumstances were such as to put it upon inquiry. (*Smith* v. *Weston,* 159 N. Y. 199.)

Circumstances having come to the knowledge of the plaintiff prior to or at the time it purchased the note in question, sufficient to put it upon its inquiry as to the genuineness of the obligation as against the defendant corporation, the plaintiff was chargeable with knowledge of all the facts which such inquiry would have disclosed. (*Cheever* v. *Pittsburgh, etc., Railroad Co.,* 150 N. Y. 67.)

In such case the law presumes that a party knows whatever he ould have learned by proper inquiry. (*Rochester & C. T. R. Co.* v. *Paviour,* 164 N. Y. 286.)

In the case at bar there was no proof tending to show that the plaintiff made any inquiry in respect to the validity of the note, and it was error for the court to refuse to so charge when requested by appellant's counsel. (*Burdick* v. *Freeman,* 120 N. Y. 420, 424.)

Assuming, as we must for the purposes of this appeal, that the facts charged by the court were established by the evidence, and in view of the further fact that no evidence was given by the plaintiff tending to show that it made any inquiry or investigation to ascertain whether or not the note in suit had any valid inception, although put upon its inquiry in that regard, we are constrained to hold that the verdict was contrary to law and the evidence. Although no motion for a nonsuit or for the direction of a verdict was made by

counsel for the appellant at the close of the evidence, the questions presented by this appeal may properly be reviewed by this court upon the appeal from the order denying appellant's motion for a new trial made upon the minutes of the court.

The rule is stated in the head note in *Shearman* v. *Henderson* (12 Hun, 170) as follows : " The fact that a defendant, upon the trial of an action before a jury, omits to move for a nonsuit or to request that a verdict be directed in his favor, or to except to the submission of any particular question to the jury, does not prevent him from moving to set aside the verdict as being founded on insufficient evidence at the same circuit upon the minutes of the justice before whom the action was tried."

The rule was also stated in *Roberts* v. *Tobias* (120 N. Y. 1). At page 6 the court said : " If, therefore, the findings of facts are unsupported by the evidence or the conclusions of law are not warranted by the findings of fact, the General Term have the power to reverse the judgment and order a new trial."

It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide event.

SPRING, WILLIAMS, HISCOCK and DAVY, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event upon questions of law only, the facts having been examined and no error found therein.