HAMRAH et al. v. N. N. MALOOF & CO.

(Supreme Court, Appellate Division, Second Department.   June 29, 1908.)

1. APPEAL AND ERROR—MATTERS REVIEWABLE—FAILURE TO APPEAL FROM ORDER DENYING NEW TRIAL.

Where appellant, though moving for a new trial upon the minutes, did not appeal from the order denying the motion, only the judgment is subject to review.

2. TRIAL—MOTION TO DIRECT VERDICT—EFFECT.

Where, after the denial of a motion for a nonsuit, defendant asked to go to the jury upon certain propositions only, which was denied and a verdict directed for plaintiff, if there was no question for the jury upon the matters as to which there was a request, the remaining questions are to be disposed of by the court; the right to a jury being waived.

3. SALES—RESCISSION BY BUYER—ESTOPPEL.

Where plaintiffs purchased laces from defendant and paid for them, and the laces were subsequently confiscated by the United States government for the nonpayment of customs duties by defendant, plaintiffs were not estopped to rescind the contract and demand repayment of the purchase price because they appeared in the proceeding to condemn the goods and claimed title thereto.

4. SAME—REMEDIES OF BUYER—RECOVERY OF PAYMENTS—RIGHT OF ACTION.

The rule against the recovery of voluntary payments made with a knowledge of the facts has no application, where the buyer of goods, which were subsequently confiscated by the United States for the seller's nonpayment of customs duties, paid for them in checks which were paid at once without knowledge of the facts, and in notes which were transferred to third persons, and which the buyer paid because his defense to their payment had been cut off by the transfer.

5. SAME—REMEDY OF BUYER—RECOVERY OF PRICE—OFFER TO RETURN GOODS.

Where goods after they were purchased and paid for were confiscated for the seller's failure to pay customs duties on them, the buyer in an action to recover the purchase price need not offer to restore the goods.

Appeal from Trial Term, Kings County.

Action by Alexander J. Hamrah and another against N. N. Maloof & Co. Judgment was directed for plaintiffs, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Cornelius Huth, for appellant.

Holmes V. M. Dennis, Jr., and Joseph S. Buhler, for respondents.

WOODWARD, J.   The defendant, although moving for a new trial upon the minutes, does not appeal from the order denying such motion, so that this case is before us only upon the judgment.   The facts are comparatively simple.   The plaintiffs concededly purchased certain laces from the defendant, who had the goods in its possession at the time of such sale, and the plaintiffs paid for such goods in checks and notes, which notes were subsequently indorsed to third parties and paid by the plaintiffs, in the sum of $1,730.65.   After the goods had been in the possession of the plaintiffs for about one month, they were seized by the United States government for the nonpayment of import duties, and, upon due proceedings, the goods were condemned and confiscated by the United States.   In the proceedings the plaintiffs

were claimants, and notified the defendant, who appeared in the matter and defended through an attorney. N. N. Maloof, the defendant's treasurer and manager, entered into a written stipulation to make good the loss of the plaintiffs in the event of the goods being confiscated, and the plaintiffs, who had permitted one of the notes to go to protest, paid the same and subsequently paid the series, not to the defendant, but to third parties to whom the same had been transferred. After the judgment on confiscation had been entered depriving the plaintiffs of their goods, they brought this action for moneys had and received, and upon the trial the learned court directed a verdict for the plaintiffs for the amount of their claim. The defendant at the same time moved for the dismissal of the complaint, and upon the denial of this motion asked to go to the jury on certain specific propositions. This being denied, the court then directed the verdict, and the defendant excepted to the direction. There was no request to go to the jury upon the whole case, and, as we understand the rule, upon an appeal from the judgment, if there was no question for the jury upon the matters as to which there was a request, the remaining questions would be disposed of by the court with the same force and effect as though the jury had been called upon to determine the issues. That is, both parties asking for the direction of a verdict, or one of them for a nonsuit and the other for the direction of a verdict, the rule is the same in reference to the waiver of the jury. Adams v. Roscoe Lumber Co., 159 N. Y. 176, 53 N. E. 805; Trimble v. N. Y. C. & H. R. R. R. Co., 162 N. Y. 84, 56 N. E. 532, 48 L. R. A. 115. They waive the right to the jury (Westervelt v. Phelps, 171 N. Y. 212, 63 N. E. 962), and the verdict rests upon the same foundation as though the facts were found by a jury (Smith v. Weston, 159 N. Y. 194, 54 N. E. 38). Obviously where the defendant merely asks to go to the jury on specific facts, after the denial of his motion for a nonsuit, he is deemed to have waived the right to go to the jury on the other facts remaining in the case. In this case, as we read the record, the only possible issue of fact would be as to the credibility of one of the plaintiffs as a witness, he being an interested party, testifying to the identity of the goods which were seized by the government, and upon this point there was no request to go to the jury. Indeed, there was little room for doubt as to the identity of the goods. There was no dispute of plaintiffs' evidence. It was not inherently improbable, and there was nothing in the case to justify an assumption that the testimony of the plaintiff was not truthful.

The appellant urges that as the plaintiffs appeared in the proceeding to condemn the goods, and claimed title to them, it is now estopped to rescind the contract and demand the repayment of its money. But we are of the opinion that the rule invoked has no foundation in reason as applied to this case. The government of the United States reaches the goods. They did belong to the plaintiffs as against all the world, subject only to the right of the government to reach them for the nonpayment of duties. The plaintiffs claimed them, notifying the defendant of the claim of the government, and the defendant employed an attorney to defend the goods. How this could operate to estop the plaintiffs to reclaim their money when it was established that the

defendant had failed to pay the duties is not at all clear to us, and we are of the opinion that it is without merit.

The defendant likewise invokes the rule against the recovery of voluntary payments made with a knowledge of the facts. But this case is not within that rule. The plaintiffs made payment by checks and by notes. The checks were paid at once, without any knowledge of the facts, and the notes were transferred by the defendant to third parties; thus cutting the plaintiffs off from any defense to their payment. To say that the payment of these notes, thus situated, was a voluntary payment of the money to the defendant, knowing all the facts, is to go beyond any rule of law with which we are familiar for the purpose of working an obvious injustice. There is no doubt of the rule, asserted with a profusion of authorities, but it has no application to the facts in this case.

Equally without merit is the suggestion that the plaintiffs are weak in their case because they have not offered to restore the goods to the defendant. The goods were taken from the plaintiffs because of the wrong committed by the defendant in importing these goods without the payment of duties, and the suggestion that the plaintiffs have failed in any equitable consideration is little less than an impertinence.

An examination of the conceded facts in this case—and even defendant practically admits that the plaintiffs are entitled to some remedy—convinces us that the judgment rests firmly upon the facts and the law, and that it should be affirmed by this court.

The judgment appealed from should be affirmed, with costs. All concur.