.SHELDON v. GEORGE.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

1. TRIAL (§ 164*)—MOTION FOR NONSUIT—EFFECT.

A motion for a nonsuit, being in fact a motion to dismiss the complaint, is equivalent to a request to direct a verdict for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 372; Dec. Dig. § 164.*]

2. APPEAL AND ERROR (§ 997*)—REVIEW—QUESTIONS OF FACT.

Where both parties request a directed verdict, the effect is to submit the whole case to the trial judge, and his decision upon the facts has the same effect as if the case had been submitted to the jury, and on appeal is conclusive on questions of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4024; Dec. Dig. § 997.*]

3. REWARDS (§ 7*)—PREVIOUS KNOWLEDGE AND ACCEPTANCE OF OFFER.

To entitle a person to a reward, he must have knowledge of the offer thereof before the services are rendered.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. § 7; Dec. Dig. § 7.*]

4. REWARDS (§ 7*)—RIGHT TO—VOLUNTARY RETURN.

Where diamonds, for the return of which a reward was offered, were not returned voluntarily in reliance on the reward, but to avoid the compulsory disclosure in legal proceedings of their possession by the person returning them, and with the intention on his part of claiming the diamonds as his own by purchase if the person to whom returned failed to establish their identity with those lost, such return did not entitle the person making it to the reward, even though, on a subsequent demand for the reward, he conceded that the person to whom returned had established the identity of the diamonds with those he had lost, as such subsequent admission of ownership did not change the character of the original return.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. § 7; Dec. Dig. § 7.*]

5. REWARDS (§ 6*)—RIGHT TO.

A person purchasing diamonds, knowing or having reasonable grounds to believe that they belonged to a person offering a reward therefor, and had been stolen, is not entitled to the reward.

[Ed. Note.—For other cases, see Rewards, Dec. Dig. § 6.*]

Appeal from Trial Term, Jefferson County.

Action by Arthur P. Sheldon against Silas L. George. Judgment for defendant, and plaintiff appeals. Affirmed.

This action was brought to recover the amount of a reward offered by defendant in the following advertisement or notice published by his direction in the Watertown Daily Times, a newspaper published in the city of Watertown, where both parties to this action then, and at the time of the trial of the action, resided:

"$100.00 reward for the return of a pair of diamond earrings lost from my store during the past two weeks. No questions asked. S. L. George, The Jeweler."

The complaint alleged publication of this advertisement by defendant, and the return by plaintiff to defendant, in pursuance of and in compliance with the terms upon which the reward was offered, of two unmounted diamonds, which were the same diamonds for which the reward was offered; that defendant retained said diamonds, and plaintiff made no claim to the ownership

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereof. Demand and refusal of payment of the reward was also alleged. Defendant's answer admits the publication of the notice of reward and delivery to him by plaintiff of the diamonds advertised for by him, and that he retained the same. Then follows a general denial. For a second and separate defense he alleges in effect that the two diamond earrings were stolen from him by one Katz, who thereafter sold the diamonds which were in said earrings to plaintiff. That after plaintiff had been informed that the diamonds so purchased were stolen and were the property of defendant, and he had been requested to surrender them to defendant and had refused so to do, he having been informed that defendant was about to institute legal proceedings to discover the whereabouts of the diamonds, delivered them to defendant, at the same time denying that the diamonds were the property of defendant, and denying that he could identify them, and leaving them in defendant's possession—this without waiving any rights he might have as a purchaser thereof. He further alleges that the diamonds were then taken from his possession by the officers of the law of Jefferson county and held by them till the conviction of Katz, and were thereafter returned to him by said officers. He further alleges that the diamonds were not returned by plaintiff pursuant to the reward offered by defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Floyd L. Carlisle, for appellant.
Pitcher & O'Brien, for respondent.

ROBSON, J. At the close of all the evidence defendant renewed his motion for a nonsuit, made at the close of plaintiff's evidence, and plaintiff moved for direction of verdict for the amount claimed in the complaint. The court directed a verdict for defendant, and the verdict was duly rendered and taken pursuant to the direction. Defendant's motion for a nonsuit, being in fact a motion to dismiss the complaint, is equivalent to a request to direct a verdict in favor of defendant. Dillon v. Cockroft, 90 N. Y. 649, 650. The effect of these motions, as has been held, "amounted to a submission of the whole case to the trial judge, and his decision upon the facts has the same effect as if the jury had found a verdict" in favor of the party for whom a verdict was directed. Westervelt v. Phelps, 171 N. Y. 212–218, 63 N. E. 962. It follows, of course, that all the controverted facts, and all inferable facts in support of the judgment, will be deemed conclusively established in favor of the party for whom the verdict was directed, provided there is evidence to support such findings. Smith v. Weston, 159 N. Y. 194–198, 54 N. E. 38; Thompson v. Simpson, 128 N. Y. 270–283, 28 N. E. 627.

While there are not many seriously controverted questions of material facts presented by the evidence in the case, yet it did become material to determine whether, in the first instance at least, the plaintiff's return of the diamonds was voluntary, or by reason of the fact that he feared the result of legal proceedings, which he had been advised were contemplated and about to be begun by defendant, which might disclose to defendant the fact that plaintiff then had the lost diamonds in his possession.

To establish his contract with defendant by which the latter agreed to pay him the offered reward, he must necessarily prove a return of the diamonds to defendant voluntarily on his part, and in reliance

upon the terms upon which the reward was offered. If the plaintiff returned the diamonds under compulsion, or even if he did so without knowledge of the offer, then no contract exists, and no liability of defendant to pay him the reward is created by the simple fact that defendant received the diamonds from plaintiff. Vitty v. Eley, 51 App. Div. 44, 64 N. Y. Supp. 397. As was said in the case last cited, the contract element would be destroyed if the service for which the reward was offered was not voluntary on the part of the one claiming it. The court was amply warranted in finding that plaintiff did not return the diamonds voluntarily, but as a result of the pressure exerted by the witness Bradbury, and in order to avoid the compulsory disclosure of his possession of them in legal proceedings, which he knew, or had been informed, were about to be instituted. The fact that a person who performs services for which the reward was offered must have knowledge of the offer before the services are rendered in order to establish a contract for payment of the reward to such person is well recognized in this state. Fitch v. Snedaker, 38 N. Y. 248, 97 Am. Dec. 791; Howland v. Lounds, 51 N. Y. 604, 10 Am. Rep. 654. It has lately been emphasized in a decision in the Texas Supreme Court. Broadnax v. Ledbetter, 100 Tex. 375, 99 S. W. 1111, 9 L. R. A. (N. S.) 1057.

While it is perhaps not material to discuss the question whether the court would have been warranted in finding that the return of the diamonds was made before plaintiff had any knowledge of the offered reward, it is apparent that the first reference to the reward which he made to defendant was in the letter to defendant in which he demanded its payment, written nearly a month and a half after the diamonds had been returned, and the thief, Katz, apprehended. His testimony as to the exact time he first knew of the fact that a reward was offered is also very hazy and uncertain, although he says he knew of it before he returned the diamonds. From the whole evidence, even accepting plaintiff's own version of the transactions, I think the conclusion is inevitable that plaintiff returned the diamonds, not with the intention of complying with defendant's offer of the reward, but solely to escape the trouble promised him if the threatened legal proceedings were begun, and with the further expressed intention of claiming the diamonds as his own by purchase, provided defendant failed to establish conclusively the identity of those returned with those he had lost. Plaintiff's subsequent concession in his letter of February 24th, in which he demanded payment of the reward, that defendant had established the validity of his claim to the diamonds as those he had lost, does not help in establishing that the return of the diamonds was in pursuance of the offer of reward and in reliance thereon. The offer was for the return of the diamonds; necessarily a voluntary return, as we have seen. The diamonds were returned as a result of compulsion, rather than voluntarily. The subsequent admission of defendant's title to them did not in any way change the character of the original act in returning them. The return was a fixed fact at the first interview. That return did not entitle plaintiff to the reward. The diamonds having been once returned, a second

return was not possible. If plaintiff was entitled to the reward, he became entitled to it by complying with the terms of the offer. This he did not do. His ultimate admission of defendant's ownership was not a part of the original return. Its effect could only be to relieve the defendant from the necessity of proving actual ownership of the property. It is perhaps true that, without relinquishing his right to claim the promised reward, a finder of lost property may return it to the owner upon a condition that the person to whom the return is made make proof of his ownership. Wood v. Pierson, 45 Mich. 313, 7 N. W. 888. But the finder's right to the reward depends upon the original return, not upon the owner's compliance with the condition the finder has imposed for his own protection.

As a further ground upon which the direction of verdict might be sustained, we may hold that the trial court would have been warranted in finding that plaintiff purchased the diamonds of Katz with the knowledge of facts from which the only inference which he could and did draw was that they were stolen, and stolen from defendant. He had some knowledge of values of such articles, as he had at one time dealt in them to some extent. He had expert advice, which he personally sought, that the diamonds were worth much more than he was asked to pay for them. Presumably, at least, he had seen defendant's advertisement of reward for the lost diamonds before he bought the second stone. His persistent refusal to return the diamonds to defendant when Bradbury insisted that he should do so, which he justified and explained only by the assertion that no one could identify loose diamonds, and his injunction to Bradbury to "forget it, and it would soon blow over," point to the fact that he believed the diamonds were defendant's, but that he intended to keep them without giving any information that might lead to the disclosure that they were in his possession. Another fact tending strongly to the same conclusion is that, although from the time he first came to Watertown he had been well acquainted with defendant, who was the agent of whom he had rented his place of business, and both seem to have been on friendly relations with each other, he does not take either of the stones to defendant when seeking expert advice as to its value, though defendant's store was nearer plaintiff's place of business than those of other jewelers he consulted, and in fact he necessarily passed defendant's place of business on his way to the store of one dealer, to whom he submitted one of the diamonds for an estimate of its value. If the fact could have been found from the evidence that plaintiff bought the diamonds knowing or having reasonable grounds to believe that they belonged to defendant, then no contract to pay the reward could be found. For the initial possession of the stones would then have been wrongful, and his obtaining them in that way would necessarily imply at least a trespass on the rights of defendant. Pierson v. Morch, 82 N. Y. 503, 505.

The judgment should be affirmed, with costs. All concur.