### WILSON v. SIMMONS.

### In re LESSER.

(Circuit Court of Appeals, Fifth Circuit.    December 30, 1920.)

No. 3514.

1. **Partnership ⟝217(3)—Evidence held to show authority to draw on partnership funds to pay individual debts.**

Evidence that, during the existence of a plantation partnership, each of the two partners, with the knowledge of the other, drew checks in the firm name on the firm account in a bank to pay individual debts, *held* sufficient to warrant a finding that the partners consented to the creation of a partnership liability to the bank for checks drawn for individual debts by a partner and paid in good faith by the bank, so that an overdraft resulting from such payments was a debt to which the partnership assets could be lawfully applied.

2. **Partnership ⟝127, 155—Noncommercial firm may be liable for obligations incurred with consent of both partners; one partner of noncommercial firm may be estopped to dispute other's authority to bind firm.**

The fact that a firm composed of two partners was engaged in operating a plantation, and not in a commercial business, does not prevent the firm from being liable on whatever obligations were incurred in its name with the consent of both its members, or one partner being estopped to dispute the authority of the other partner to bind the firm by a transaction not within the scope of the firm business.

Appeal from the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Suit by Robert Wilson, as trustee of the estate of Leo Lesser, bankrupt, against A. J. Simmons.    From a decree dismissing the bill, the trustee appeals.    Affirmed.

---

⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

St. John Waddell, of Memphis, Tenn., for appellant.

John W. Cutrer and John C. Cutrer, both of Clarksdale, Miss. (Sam C. Cook, Jr., of Clarksdale, Miss., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing a bill filed by the appellant, suing as trustee of the estate of Leo Lesser, a bankrupt, against the appellee, A. J. Simmons, seeking to charge the latter with the amount of the bankrupt's interest in the assets of a partnership of which the bankrupt and the appellee were the members. That partnership, under the name of A. J. Simmons & Co., was organized and began business in January, 1909, and was in existence from that time until soon after the bankruptcy proceedings were instituted against Lesser in April, 1913. It was organized for the purpose of carrying on a planting business on a plantation in Coahoama county, Miss. By the terms of the partnership, which were not evidenced by any writing, the profits and losses were to be equally divided between the partners. After Lesser, who lived at Memphis, Tenn., disappeared, and bankruptcy proceedings were instituted against him, Simmons applied the partnership assets to the payment of debts which amounted to more than the value of such assets, and from his own individual means paid the balance of such indebtedness. Included in the indebtedness so satisfied was the amount of an overdraft which resulted from the payment by the Mercantile Bank of Clarksdale, Miss., of checks drawn by Lesser in the name of the firm, which continuously from the time it started in business had a deposit and checking account with that bank. The checks so drawn by Lesser, the payment of which caused the overdraft mentioned, were in favor of parties to whom Lesser was individually indebted, and the partnership was not benefited by the payment of either of those checks. At the times of the payment of those checks the bank and the appellee supposed that Lesser was a man of large individual means and entirely solvent. In behalf of the appellant it was contended that the overdraft so caused was not a debt to the satisfaction of which partnership assets were subject to be applied. Unless that contention prevails, there was no surplus of partnership assets subject to be applied to the satisfaction of the individual indebtedness of either of the partners.

[1] The evidence disclosed that from time to time during the several years the partnership was in existence each of the partners, with the knowledge of the other, drew checks in the firm name on the bank mentioned in favor of parties to whom the firm was not indebted, and that the bank uniformly paid such checks and was never notified of any objection to its doing so. In several instances overdrafts so caused were wiped out by deposits made to the firm's credit. This course of conduct was evidence of the consent of each of the partners to the payment by the bank of checks drawn in the firm name by the other, whether the firm was or was not indebted to the payees in such checks, and in favor of the bank estopped the appellee to deny that a partnership obligation was created as a result of the payment by the bank of the checks so drawn by Lesser in the firm name.

[2] The fact that the partnership was a noncommercial one did not stand in the way of its being liable on whatever obligations were incurred in the firm name with the consent of both its members, or of one partner being estopped to dispute the authority of the other partner to bind the partnership by a transaction not within the scope of the partnership business. Dowling v. Exchange Bank, 145 U. S. 512, 12 Sup. Ct. 928, 36 L. Ed. 795; Huiskamp v. Moline Wagon Co., 121 U. S. 310, 7 Sup. Ct. 899, 30 L. Ed. 971. The evidence was such as to warrant a finding that both partners consented to the creation of a partnership liability to the bank as a result of the latter in good faith paying checks drawn on it in the firm name by either partner for his individual purposes. Smith v. Weston, 159 N. Y. 194, 54 N. E. 38; 20 R. C. L. 889.

The action of the court in dismissing the bill was justified by its finding, supported by the evidence adduced, that the partnership assets were exhausted by the defendant, as liquidating partner, properly applying them towards the satisfaction of partnership obligations.

The decree to that effect is affirmed.